# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

In re:                                               Case No.: 20-40124-KKS

      JAMES RUDNICK,                        Chapter 7

          The Debtor.

---

## TRUSTEE'S MOTION TO APPROVE
## COMPROMISE OR SETTLEMENT WITH DEBTOR, JAMES RUDNICK

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 (twenty one) days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL, 32301 and serve a copy on the movant's attorney, Robert J. Powell, Esq., PO Box 13010 Pensacola, Florida 32591-3010, and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the requested relief.

Chapter 7 Trustee, SHERRY F. CHANCELLOR (the "Trustee"), through undersigned special counsel and pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure 2002 and 9019(a), moves for the approval of a compromise and settlement with the Debtor, JAMES RUDNICK (the "Debtor"), and alleges:

*Background*

1.     The Debtor voluntarily commenced this Chapter 7 bankruptcy proceeding on March 23, 2020.  ECF 1.

2.     This is an extraordinary Chapter 7 estate with a Debtor holding multiple direct and indirect interests in various limited liability companies which were engaged in extensive pre-petition real estate development and related management activities (collectively, the "Business Interests"). *See* ECF 28 at p. 6, 8-9.

3.     The Trustee applied for and obtained this Court's authority to engage Sherry F. Chancellor, P.A. and Sherry Chancellor to serve as attorney to the Trustee.  ECF 58; 62.  The Trustee also applied for authority to engage special counsel to investigate the Debtor's business interests, and to undertake the analysis and prosecution of any claims or causes of action that

the Trustee may possess under applicable law. *See* ECF 111. This Court approved the Trustee's employment of special counsel. ECF 118.

4. The Trustee, the attorney for the Trustee, and special counsel have since undertaken a diligent analysis and investigation of the Debtor's estate and pre-petition conduct. This includes, but is not limited to, reviewing voluminous document production relating to the Debtor's Business Interests, including entity governance documents, loan documents, bank records, and other documents relating to the assets and operations of the entities. *See* ECF 28 at 6-9. The Trustee, the attorney to the Trustee, and special counsel have analyzed the Debtor's beneficial interest in the Capitol Capital Irrevocable Trust (the "Trust"), and interviewed J.D. Durant, Esquire, as trustee of the Trust.

5. The Trustee has identified certain features of the Debtor's pre-petition conduct and overall personal financial management that may support viable claims, including, without limitation, (i) to declare that the Debtor is the alter-ego of certain entities disclosed in the Debtor's schedules; (ii) to substantively consolidate the assets of certain entities with the Debtor's estate for administration purposes; (iii) to avoid as preferential and fraudulent certain pre-petition transfers pursuant to 11 U.S.C. §§ 547 and

3

548; and/or (iv) to object to the Debtor's discharge pursuant to 11 U.S.C. § 727[1] (collectively, the "Claims").

6.    The Debtor, the Trust and the affiliate entities involved dispute the merit of the Claims.

7.    Following extensive communications between the Debtor's counsel, the Trustee, the attorney for the Trustee, and the Trustee's special counsel, the Trustee in her sound business judgment has concluded that it is in the estate's best interest to resolve the Claims and avoid the expense, inconvenience, delay and uncertainty of litigating these matters with the Debtor and the affiliate entities.

8.    With this background, the Trustee and the Debtor have entered into a Settlement Agreement to fully resolve the Claims, which include the following recoveries for the estate:

      a.  $500,000.00 one-time, lump-sum payment to the Trustee; and

      b.  Transfer to the Trustee of the Trust's interest in The Mary A II, LLC.

---

[1]Nothing in this motion or the attached agreement should be construed as impacting the claims that creditor, SC Advisors 7, LLC asserted against the Debtor in that certain adversary proceeding currently pending before the Court, case number 20-40124.

A true and correct copy of the Settlement Agreement is attached as **Exhibit 1**.

## Legal Argument

9.    The Trustee requests approval of the Settlement Agreement with the Debtor pursuant to Federal Rule of Bankruptcy Procedure 9019. Rule 9019(a) governs the approval of compromises and settlements, and states that "[o]n motion by the trustee and after notice and a hearing, a court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

10.    As a general policy consideration in evaluating this request, bankruptcy courts favor settlements and compromise. *See, e.g., In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (recognizing that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.' ") (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)).

11.    Approval of a proposed settlement is a matter committed to the sound discretion of this Court and is reviewed for an abuse of discretion. *See Berman v. Smith,* 510 B.R. 387, 392 (S.D. Fla. 2014); *see also Matter of Jackson Brewing Co.,* 624 F.2d 599, 602-03 (5th Cir. 1980).

5

12.     The Eleventh Circuit Court of Appeals has identified several guideposts to consider in the context of evaluating a proposed settlement in bankruptcy:

    a. The probability of success in litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

13.     In the context of evaluating a proposed settlement, a bankruptcy court is not required to decide the underlying issues of law and fact relating to the settled claims, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

14.     Moreover, in reviewing a proposed settlement, bankruptcy courts consider a trustee's business judgment. *See, e.g., In re Southeast*

*Banking Corp.*, 314 B.R. 250, 273 (Bankr. S.D. Fla. 2004) (recognizing that "[t]he [c]ourt can give weight to the Trustee's informed judgment that a compromise is fair and equitable."). While the Trustee's business judgment is "not without limits", bankruptcy courts "give trustees considerable deference to exercise their business judgment with respect to settlements." *In re Ortiz*, 619 B.R. 273, 275 (M.D. Fla. 2020).

15. In this case, the Trustee submits that the proposed settlement with the Debtor is well within the range of reasonableness under Rule 9019 and should be approved based on the *Justice Oaks* factors. The Trustee's settlement with the Debtor will eliminate the expense, inconvenience, delay, and uncertainty of protracted litigation involving potential claims, including without limitation, (i) to pierce the corporate veil between the Debtor and certain affiliate entities and/or to substantively consolidate the Debtor with certain non-debtor entities; (ii) to recover certain transfers that may be avoidable pursuant to 11 U.S.C. §§ 547 and 548; and (ii) to oppose the Debtor's discharge. Litigating these claims to conclusion would require several years at a minimum, and the outcome of such litigation is anything but certain given the applicable burden of proof and elements of such claims. Even if the Trustee is successful, there are considerable collection difficulties

7

associated with generating an actual monetary recovery for the estate and its creditors. Finally, the expense of such litigation would be tremendous which would erode any ultimate recovery.

16.     Approval of this settlement will benefit creditors of the estate as it will expeditiously generate a financial recovery.

17.     Under these circumstances, the Trustee submits that the proposed settlement is fair and equitable, and in the best interest of the creditors and the estate. Accordingly, the Trustee respectfully requests approval of the settlement.

WHEREFORE, Chapter 7 Trustee, SHERRY F. CHANCELLOR,

respectfully requests this Honorable Court approve the Settlement Agreement attached to this motion pursuant to Federal Rule of Bankruptcy Procedure 9019(a), and grant such other and further relief that the Court deems just and proper.

Dated this 2nd day of December 2020.

8

CLARK PARTINGTON

By: /s/ Robert J. Powell
**ROBERT J. POWELL**
Florida Bar No. 070318
rpowell@clarkpartington.com
125 East Intendencia Street (32502)
P.O. Box 13010
Pensacola, Florida  32591-3010
Telephone: (850) 434-9200
*Special Counsel to Chapter 7 Trustee*

SHERRY F. CHANCELLOR, P.A.

By: /s/ Sherry F. Chancellor
**SHERRY F. CHANCELLOR**
Florida Bar No. 434574
sherry.chancellor@yahoo.com
619 West Chase Street
Pensacola, Florida 32502
Telephone: (850) 436-8445
*Chapter 7 Trustee, Attorney for
Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been sent by electronic delivery to all parties receiving electronic notice in this case via CM/ECF, and by United States Mail, first class, postage pre-paid, to all parties listed on the attached matrix that do not receive electronic notice in this case via CM/ECF.

/s/ Sherry F. Chancellor
**SHERRY F. CHANCELLOR**

9

[Signature page to Settlement and Mutual General Release Agreement]

## Exhibit "A"

The Summary Chart

Capitol Capital Irrevocable Trust Assets

| Asset (entity in which Trustee holds interest) | % Own | Entity's Assets | ...ted Net Value of Assets of Capitol Capital Irrevocab | | | |
|---|---|---|---|---|---|---|
| | | | Value of Entity's Realty | Debt on Entity's Realty | Entity's Real Estate Equity | Net Value* |
| 1250 Country Club Dr. LP | 0% | No longer owns interest; Sold to other partners 8/1/18 | 0 | 0 | 0 | 0 |
| 16120, Ltd | 99% | No assets; property sold 4/7/17 | 0 | 0 | 0 | 0 |
| Blake 123, LLC (option interest) | 0% | Blake 123 owns an interest in Colony Homes, which has no value and is not operating; CCIT has an option to purchase an interest in Blake123 | 0 | 0 | 0 | 0 |
| BOE I, LLC | 50% | No assets | 0 | 0 | 0 | 0 |
| BOE II, LLC | 50% | Owns 2/3 of TR Jax, LLC | 0 | 0 | 0 | 0 |
| → TR Jax, LLC | 0% | Apartments in Orange Park, FL; Sold 9/27/18 with all proceeds going to mortgage and return of other's capital contribution | 0 | 0 | 0 | 0 |
| BOE IV, LLC | 100% | Owns 1% interest in 16120, Ltd. | 0 | 0 | 0 | 0 |
| CCMM BHAM, LLC | 50% | Owns one lot in a subdivision near Birmingham, AL | 28,000 | 0 | 28,000 | 14,000 |
| DJM Properties, LLC | 33% | Rental cottages in Tennessee managed by partners | 725,000 | 725,000 | 0 | 0 |
| DMJ Holdings, LLC | 33% | Company will build homes on land owned by DJM Holdings, LLC and Laurel Estates at the Glades, LLC | 1,600,000 | 1,600,000 | 0 | 0 |
| Edgewater GA Swap 1, LLC | 100% | Vacant land in Cairo, Grady Co, GA | 337,365 | 250,000 | 87,365 | 87,365 |
| Edgewater Fl. Swap, LLC | 100% | Vacant land in Jackson Co, FL | 700,000 | 250,000 | 450,000 | 450,000 |
| Edgewater GA Swap 2, LLC | 100% | Vacant land in Thomasville, Thomas Co, GA | 592,900 | 250,000 | 342,900 | 342,900 |
| FNB Note Holdings, LLC | 100% | No assets; held mortgage on Frank Nelson Bldg Property; Since sold | 0 | 0 | 0 | 0 |
| Frank Nelson Building of Birmingham, LLC | 50% | No assets; building sold 10/27/17 | 0 | 0 | 0 | 0 |
| Highland Gates COM, LLC | 50% | Private sewage facility for Highland Gates | 50,000 | 0 | 50,000 | 25,000 |
| Highland Gates RES, LLC | 100% | Approximately 37 vacant lots in Gainesville, Georgia, under contract; Present loan value is an estimate | 1,110,000 | 1,000,000 | 110,000 | 110,000 |
| Laurel Estates at the Glades, LLC | 33% | Vacant land in Tennessee for development | 650,000 | 650,000 | 0 | 0 |
| Maclay Commerce One, LLC | 49% | No assets; building sold 8/31/17 | 0 | 0 | 0 | 0 |
| Naples Magnolia Pond, LLC | 100% | No assets; Acquisition contract terminated | 0 | 0 | 0 | 0 |
| Rudnick Development, LLC | 100% | No assets; Management company | 0 | 0 | 0 | 0 |
| Saltaire Breeze Sales Center, LLC | 100% | No assets; building sold 3/7/19 for $128,000 | 0 | 0 | 0 | 0 |
| Southeast Lot Acquisitions LLC | 100% | Owns 50% of Saltaire Breeze, LLC | 500,000 | 6,125,000 | (5,625,000) | (5,625,000) |
| → Saltaire Breeze, LLC (fka BOE20, LLC) | 50% | Vacant lots in Mobile, AL | 1,000,000 | 0 | 1,000,000 | 500,000 |
| The Edgewater Corp. of Tallahassee, Inc. | 49% | 4 buildings; 2 sold 9/29/17; 1 sold 11/28/17; 1 sold 12/12/18; no cash proceeds to Rudnick or trust | 0 | 0 | 0 | 0 |

Capitol Capital Irrevocable Trust Assets

| Asset (entity in which Trustee holds interest) | % Own | Entity's Assets | Value of Entity's Realty | Debt on Entity's Realty | Entity's Real Estate Equity | Net Value* |
|---|---|---|---|---|---|---|
| | | | | | ted Net Value of Assets of Capitol Capital Irrevocabl | |
| The Mary A II, LLC | 5.04% | Wetlands mitigation bank | 3,000,000 | 2,100,000 | 900,000 | 45,360 |
| The Watermark Corp. of Tallahassee, Inc. | 49% | No assets; Building sold 8/17/17 | 0 | 0 | 0 | 0 |
| Thomasville Pine Tree, LLC | 100% | Vacant land in Thomasville, Thomas Co, Georgia | 750,104 | 0 | 750,104 | 750,104 |
| Thruway Court of TLH | 16% | No assets; deed in lieu of foreclosure 8/28/17 | 0 | 0 | 0 | 0 |
| TR USA Investments, LLC | 15% | 100% of BOEX, LLC (vacant lots) | 3,000,000 | 0 | 3,000,000 | 450,000 |
| VA 2013 CCIT MM, LLC | 100% | Vacant lots in Middlesex Co., VA (lots scheduled to be sold for unpaid taxes) | 435,000 | 435,000 | 0 | 0 |
| | | | | 0 | 0 | 0 |

| | |
|---|---|
| | Net Value |
| Total | (2,850,271) |

\* Represents estimated value of real estate, less debt, adjusted to reflect the Trust's ownership in the title-holding entity. These numbers do not reflect costs of sale and appropriate adjustments for lack of control or lack of marketability of minority interests in business entities.

## Exhibit "B"

Form of Assignment of Interest in Mary A

**TRANSFER OF OWNERSHIP INTEREST**

**THE MARY A II, LLC**

THIS TRANSFER OF OWNERSHIP INTEREST in The Mary A II, LLC, a Florida limited liability company (the "Company"), is effective on this _____ day of _____, 202__ ("Effective Date") by and between **James M. Durant, Jr.**, as Trustee of the Capitol Capital Irrevocable Trust ("Transferor") and **Sherry F. Chancellor**, as Trustee of the Chapter 7 bankruptcy estate ("Transferee") of James M. Rudnick ("Rudnick") for the uses and purposes stated herein.

## RECITALS

WHEREAS, Transferor is the duly-appointed Trustee of the Capitol Capital Irrevocable Trust pursuant to that certain Declaration of Trust dated January 12, 2011, as subsequently amended (the "CCT").

WHEREAS, Rudnick voluntarily commenced a Chapter 7 bankruptcy proceeding on March 23, 2020 commencing that certain case currently pending before the US Bankruptcy Court for the Northern District of Florida (the "Bankruptcy Court"), case number 20-40124-KKS (the "Bankruptcy Case").

WHEREAS, Rudnick filed his Schedules and Statement of Financial Affairs in the Bankruptcy Case on April 20, 2020 (ECF 28) disclosing that CCT owns or may own a five point zero four percent (5.04%) membership interest in the Company.

WHEREAS, Transferee is the duly-appointed Chapter 7 Trustee administering the assets Rudnick disclosed in the Bankruptcy Case, and in this capacity, Transferee, Transferor, and Rudnick have entered into that certain Settlement Agreement subject to Bankruptcy Court approval pursuant to which Transferor agreed to transfer all right, title, and interest of CCT in the Company to Transferee.

## AGREEMENT

Pursuant to the Settlement Agreement described above, which is subject to Bankruptcy Court approval and expresses good and valuable consideration, Transferor hereby transfers and conveys to Transferee all of Transferor's right, title, and interest in and to all of the membership units Transferor holds or may hold in the Company.

1

_____
JAMES M. DURANT, JR.
Trustee of Capitol Capital Irrevocable Trust


Witness _____
Print Name _____

Witness _____
Print Name _____


STATE OF FLORIDA
COUNTY OF _____

     The foregoing Transfer of Ownership Interest was signed and acknowledged before me, the undersigned authority this _____ day of _____ by JAMES M. DURANT, JR., as the duly-authorized Trustee of the Capitol Capital Irrevocable Trust who is [   ] personally known to me or [   ] who presented _____ as identification.

     Stamp

                                  _____
                                  NOTARY PUBLIC

                                  MY COMMISSION EXPIRES _____

2

## SETTLEMENT AND MUTUAL GENERAL RELEASE AGREEMENT

**THIS SETTLEMENT AND MUTUAL GENERAL RELEASE AGREEMENT** (this "**Agreement**"), is entered into as of December ⟶⟋⟵, 2020 (the "**Effective Date**"), by and between (i) Sherry Chancellor, as Chapter 7 trustee for the bankruptcy estate of James Morris Rudnick in Case No. 20-40124-KKS, pending in the United States Bankruptcy Court, Northern District of Florida, Tallahassee Division (the "**Trustee**"), on the one hand, and (ii) James Morris Rudnick, individually ("**Rudnick**"), and James M. Durant, Jr., as trustee of the Capitol Capital Trust ("**CCT**" and together with Rudnick, collectively, the "**Rudnick Parties**"), on the other hand. Each of the Trustee, Rudnick and CCT may be referred to as a "**Party**" and, collectively, as the "**Parties**".

### Recitals:

**WHEREAS**, on March 23, 2020, Rudnick filed with the United States Bankruptcy Court, Northern District of Florida, Tallahassee Division (the "**Bankruptcy Court**"), a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, which case is designated as Case No. 20-40124-KKS (the "**Bankruptcy Case**");

**WHEREAS**, on March 24, 2020, the Trustee was appointed as chapter 7 trustee of the bankruptcy estate of Rudnick in the Bankruptcy Case (the "**Estate**");

**WHEREAS**, on April 20, 2020, Rudnick filed his Schedules and Statement of Financial Affairs (Doc. No. 28) in the Bankruptcy Case (as the same have been and may be further amended in the Bankruptcy Case, the "**Schedules**"), disclosing all assets in which Rudnick owns an interest, which disclosure is complete and accurate to the best of Rudnick's knowledge;

**WHEREAS**, Rudnick accompanied the Schedules with the chart attached hereto as **Exhibit "A"** (the "**Summary Chart**"), reflecting the entities in which CCT owns or may own an interest including, without limitation, The Mary A II, LLC, a Florida limited liability company ("**Mary A**"), and itemizing the approximate ownership interest;

**WHEREAS**, the Parties desire to enter into this Agreement and, subject to the Trustee's timely receipt of the Settlement Payment (as defined herein), and the Assignment of Interest in Mary A, to provide for the final compromise, resolution and settlement of any and all claims and disputes by and between the Trustee and the Rudnick Parties, including, without limitation, any claims in connection with the Bankruptcy Case (collectively, the "**Party Claims**"), in accordance with the terms and conditions set forth in this Agreement.

**NOW THEREFORE**, in consideration of the foregoing recitals and the respective covenants and agreements set forth in this Agreement, and for other good and valuable consideration, including the mutual promises, covenants and releases contained in this Agreement, the sufficiency of which the Parties acknowledge, the Parties agree as follows:

### AGREEMENT, RELEASE, AND COVENANT NOT TO SUE TERMS

1.    **Recitals.**    The foregoing recitals are true and correct and are incorporated as material terms of this Agreement by this reference.

2.     **Settlement Payment**. Within three (3) Business Days of the entry by the Bankruptcy Court of a Final Order in the Bankruptcy Case approving the terms of this Agreement (the "**Bankruptcy Court Approval**") or on January 15, 2021, whichever is later, the Rudnick Parties shall pay to the Trustee the total sum of Five Hundred Thousand and 00/100 US Dollars ($500,000.00) (the "**Settlement Payment**"). For purposes of this Agreement, "**Business Day**" means any day other than (i) a Saturday, a Sunday or a "legal holiday" (as "legal holiday" is defined in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure), or (ii) a day on which commercial banks in Tampa, Florida are authorized or required to close by law. In addition and for purposes of this Agreement, "**Final Order**" means an order, judgment, ruling or other decree (or any revision, modification or amendment thereto) issued and entered by the Bankruptcy Court in the Bankruptcy Case, which order, judgment, ruling or other decree has not been reversed, vacated, stayed, modified, supplemented or amended and as to which (i) no appeal, petition for review, reargument, rehearing, reconsideration or certiorari has been taken and is pending and the time for the filing of any such appeal, petition for review, reargument, rehearing, reconsideration or certiorari has expired, or (ii) such appeal or petition has been heard and dismissed or resolved and the time to further appeal or petition has expired with no further appeal or petition pending.

3.     **Assignment of Mary A Interests**. Within three (3) Business Days of the Bankruptcy Court Approval, the Rudnick Parties shall make, execute and deliver in favor of the Trustee a quit claim assignment in the form attached hereto as **Exhibit "B"** (the "**Assignment of Interest in Mary A**") evidencing the assignment by each of Rudnick and CCT in favor of the Trustee of all of their respective right, title and interests in and to Mary A (the "**Mary A Interests**").

4.     **Abandonment of Remaining Estate Assets**. Except as otherwise specified herein, within three (3) Business Days of receipt of all of the Settlement Payment and the Assignment of Interest in Mary A, the Trustee shall file in the Bankruptcy Case documentation acceptable to the Rudnick Parties evidencing the abandonment of all assets of the Estate with the express exception of the amount of the Settlement Payment and the Mary A Interests. Notwithstanding the foregoing, in the event that, subsequent to the Effective Date, the Trustee discovers that any asset(s) of Rudnick were not disclosed on the Schedules, such asset(s) shall not be deemed abandoned and shall be immediately deemed property of the Estate.

5.     **General Release Definitions**.

(a)     "**Rudnick Release Parties**" means, in the plural and singular, the Rudnick Parties and their heirs, relatives, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, direct and indirect parent entities, and each of their respective present and former officers, agents, employees, shareholders, directors, attorneys, insurers and sureties, including, but not limited to, successors and assigns of corporations, entities, agencies, or political bodies, wherever the context so admits or requires.

(b)     "**Trustee Release Parties**" means, in the plural and singular, the Trustee and her heirs, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, direct and indirect parent entities, and each of their respective present and former officers, agents, employees, shareholders, directors, attorneys, insurers,

and sureties, including, but not limited to, successors and assigns of corporations, entities, agencies, or political bodies, wherever the context so admits or requires.

6.   **General Release by the Rudnick Parties of the Trustee**. As a material inducement to the Trustee to enter into this Agreement and as consideration for the releases to be provided, effective upon the Effective Date, each of the Rudnick Parties, on behalf of himself and the Rudnick Release Parties, does hereby remise, release, acquit, satisfy, and forever discharge each of the Trustee Release Parties, of and from the Party Claims, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, costs (including attorneys' fees, expert fees, and out-of-pocket expenses), pre and post-judgment interest, obligations, losses, loss of services, expenses, compensation, judgments, executions, claims and demands whatsoever, in law or in equity, including without limitation, claims of fraud, duress, mistake, contribution, and indemnity or tortious interference, which the Rudnick Release Parties ever had, now have, or which any personal representative, successor, heir or assign of the Rudnick Release Parties hereafter can, shall or may have, against the Trustee Release Parties, for, upon or by reason of any matter, cause or thing whatsoever, known and unknown, foreseen and unforeseen, liquidated or unliquidated, absolute or contingent, or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damages, breach of contract, fraud, violation of statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by the Trustee Release Parties, from the beginning of the world through and including the Effective Date, and including all issues, causes, claims, counterclaims, set-offs, and allegations. In addition, the Rudnick Release Parties hereby agree not to commence, join in, prosecute or participate in any suit or other proceeding in a position adverse to that of any of the Trustee Release Parties arising directly or indirectly from any of the Party Claims.

7.   **General Release by the Trustee of the Rudnick Parties**.   As a material inducement to the Rudnick Parties to enter into this Agreement and as consideration as for the performance by the Rudnick Parties of the terms and conditions of this Agreement, including the releases to be provided, effective upon the Effective Date, the Trustee, on behalf of herself and the Trustee Release Parties, does hereby remise, release, release acquit, satisfy, and forever discharge each of the Rudnick Release Parties, of and from the Party Claims, and all manner of action and actions, cause and causes of action, including, without limitation, those related in any way to the dischargeability of any claims, debts and/or obligations in the Bankruptcy Case and any avoidance actions in the Bankruptcy Case, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, costs (including attorneys' fees, expert fees, and out-of-pocket expenses), pre and post-judgment interest, obligations, losses, loss of services, expenses, compensation, judgments, executions, claims and demands whatsoever, in law or in equity, including without limitation, claims of fraud, duress, mistake, contribution and indemnity or tortious interference, which the Trustee Release Parties ever had, now have, or which any personal representative, successor, heir or assign of the Trustee Release Parties hereafter can, shall or may have, against the Rudnick Release Parties, for, upon or by reason of any matter, cause or thing whatsoever, known and unknown, foreseen and unforeseen, liquidated or unliquidated, absolute or contingent, or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damages, breach of contract, fraud, violation of statute or law, commission of any tort, or any other matter whatsoever

3

or thing done, omitted or suffered to be done by the Rudnick Release Parties, from the beginning of the world through and including the Effective Date, and including all issues, causes, claims, counterclaims, set-offs, and allegations. In addition, the Trustee Release Parties hereby agree not to commence, join in, prosecute or participate in any suit or other proceeding in a position adverse to that of any of the Rudnick Release Parties arising directly or indirectly from any of the Party Claims. The Trustee's release of the Rudnick Release Parties will be null, void, and unenforceable if the Rudnick Parties fail to timely perform each of the terms and conditions of this Agreement, including but not limited to (i) delivery of the Settlement Payment; and (ii) execution and delivery of the Assignment of the Interest in Mary A. Additionally, if the Rudnick Parties do not fully perform all the terms of this Agreement, the Trustee may retain any asset transferred to the Estate before the Rudnick Parties' failure to fully perform the terms of the Agreement.  For illustration purposes only, if the Rudnick Parties timely deliver the Settlement Payment, but fail to deliver the Assignment of the Interest in Mary A, the Trustee may retain the Settlement Payment with all other rights of the Trustee under the Bankruptcy Code and applicable law being fully revived and reinstated.

8.    **Bankruptcy Court Approval**. The Parties acknowledge that the terms of this Agreement are subject to the Bankruptcy Court Approval.

9.    **Admissibility of Agreement**.   The Parties agree that in the event of a breach of this Agreement by any of the Parties, this Agreement is admissible into evidence in any action to enforce this Agreement.

10.    **Authority; Binding Effect; Legality**.   Each of the Parties represents and warrants that:

(a)    such Party has the requisite power and authority to execute and deliver this Agreement and the related documents to which such Party is a signatory;

(b)    the execution and delivery of this Agreement by such Party has been duly authorized by all requisite action(s) and creates valid and binding obligations of such Party, enforceable in accordance with its terms;

(c)    neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated by this Agreement will violate any constitution, statute, regulation, rule, injunction, judgment, order, decree, or other restriction of any governmental authority or conflict with, result in a breach of, or constitute a default under any contract, lease, license instrument, or other arrangement to which such Party is bound; and

(d)    such Party is authorized to execute this agreement on behalf of its officers, directors, representatives, employees, agents, affiliates, subsidiaries, attorneys, insurers, successors, predecessors, and assigns.

11.    **Severability**.    If any provision, or the application of any provision, of this Agreement is held invalid, the invalidity shall not affect any other provision or application of the

4

Agreement, which can be given effect without the invalid provisions or application, and to this end the provisions of this Agreement are declared to be severable.

12.    **Sufficiency of Consideration**.   Each Party acknowledges that the covenants contained in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation, agreement, and right contained in this Agreement.

13.    **Binding Agreement; Assignment**.   The terms of this Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective executors, administrators, successors, assigns, officers, directors, shareholders, parents, subsidiaries, agents, servants, employees, related entities, and legal representatives.

14.    **No Transfer**.   Each Party represents and warrants that the entities signing this Agreement are the sole owners of the actual or alleged claims, demands, rights, causes of action, and other matters that are released under this Agreement; that such claims, demands, rights, causes of action, and other matters have not been assigned, transferred, or disposed of; and that such Party has the full right and power to grant, execute, and deliver the releases contained in this Agreement.

15.    **Complete Agreement**.   This Agreement is intended by the Parties as the final expression of their agreement concerning the subject matter of this Agreement and as a complete and exclusive statement of the terms and provisions of this Agreement. Nothing other than this Agreement shall be relevant or admissible to supplement, explain, or vary any of the terms and provisions as set forth in this Agreement.   This Agreement cannot be amended, released, discharged, changed, modified, or terminated in any manner without the written consent of all the Parties.

16.    **Counterparts**.   This Agreement may be executed in any number of counterparts, each of which shall be an original, and such counterparts when taken together shall constitute one in the same Agreement.   Photographic or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

17.    **Litigation Expenses**.   If any Party seeks to enforce such Party's rights under this Agreement by legal proceedings or otherwise, the non-prevailing Party shall be responsible for the costs and expenses incurred by the prevailing party in connection with such proceedings, including without limitation attorneys' fees and witness fees.

18.    **Jurisdiction**.   The Parties hereby irrevocably consent that any legal action or proceeding solely with respect to this Agreement shall be brought in the Bankruptcy Court, and, by execution and delivery of this Agreement, the Parties hereby irrevocably submit to and accept solely with regard to any such legal action or proceeding, generally and unconditionally, the exclusive jurisdiction of such courts. The Parties hereby irrevocably waive, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any suit, action or proceeding solely with respect to this Agreement brought in the Bankruptcy Court, and hereby

further irrevocably waive any claim that any such suit, action or proceeding brought in the Bankruptcy Court has been brought in an inconvenient forum.

19.   **Rules of Construction**.  The words "hereof", "herein" and "hereunder" and words of similar import when used in this Agreement shall refer to this Agreement as a whole and not to any particular provision of this Agreement.  The words "include", "includes" and "including" shall be deemed to be followed by the phrase "without limitation".  Unless the context in which used herein otherwise clearly requires, "or" has the inclusive meaning represented by the phrase "and/or".  Whenever the context of this Agreement requires, the gender of all words herein shall include the masculine, feminine, and neuter, and the number of all words herein shall include the singular and plural.  Reference to any agreement, document or instrument means such agreement, document or instrument as amended or modified and in effect from time to time in accordance with the terms thereof, except where otherwise explicitly provided.

[Signature pages follow]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date.

Witnesses:

By: _____
Print Name: _Rhett Chancellor_

By: _____
Print Name: _Darlene Hendrie MSW_

By: _____
Sherry Chancellor, as Trustee

[Signature page to Settlement and Mutual General Release Agreement]

7

Case 20-40124-KKS   Doc 147   Filed 12/02/20   Page 23 of 33

Witnesses:

By: _____
Print Name: _____

By: _Daniel Villa_
Print Name: _Daniel Villa_

By: _____
James Morris Rudnick

[Signature page to Settlement and Mutual General Release Agreement]

Witnesses:

By: _____

Print Name: _____

By: _____

James M. Durant, Jr., as trustee of
the Capitol Capital Trust

By: _____

Print Name: Daniel Villa

9

Label Matrix for local noticing
1129-4
Case 20-40124-KKS
Northern District of Florida
Tallahassee
Wed May 13 10:15:01 EDT 2020

AERL, L.C.
c/o Elizabeth R. Brusa
Bradley Arant Boult Cummings LLP
100 N. Tampa Street
Suite 2200
Tampa, FL 33602-5809

AM32304WG, LLC
c/o Manausa Law Firm, P.A.
1701 Hermitage Blvd.
Suite 100
Tallahassee, FL 32308-7796

BBX Capital Asset Management, LLC
c/o Tripp Scott, P.A.
110 S.E. 6th Street
Suite 1500
Suite 1500
Fort Lauderdale, FL 33301-5039

Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301-7643

Cadence Bank, N.A.
c/o Anthony & Partners, LLC
201 N. Franklin Street
Suite 2800
Tampa, FL 33602-5816

Florida Asset Resolution Group, LLC
c/o Tripp Scott, P.A.
110 S.E. 6th Street
Suite 1500
Fort Lauderdale, FL 33301-5039

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JTS Capital 2, LLC
c/o Robert J. Powell, Esq.
PO Box 13010
Pensacola, FL 32591-3010

SC Advisors 7, LLC
8813 Pristine Court
Huntersville, NC 28078-5670

Secretary of the Treasury
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Trustmark National Bank
Judson C. Brandt, Esquire
Post Office Box 13010
Pensacola, FL 32591-3010

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

U.S. Securities & Exchange Commission
Atlanta Reg Office and Reorg
950 E Paces Ferry Rd NE Ste 900
Atlanta, GA 30326-1382

*AM32304WG, LLC
c/o Kyle L. Shaw, Esq.
Manausa Law Firm, P.A.
1701 Hermitage Blvd., Ste. 100
Tallahassee, FL 32308-7796

*Florida Asset Resolution Group. LLC.
c/o Charles M. Tatelbaum, Esq.
Tripp Scott, P.A.
110 S.E. Sixth Street, Fifteenth Floor
Fort Lauderdale, FL 33301-5000

*Trustmark National Bank
c/o Judson C. Brandt, Esq.
PO Box 13010
Pensacola, FL  32591-3010

AERL, LC
6000 Westown Parkway
West Des Moines, IA 50266-7711

AM32304WG, LLC
1701 Hermitage Blvd., #100
Tallahassee, FL 32308-7796

Alan and Maureen Pierre
4416 Rosecliff Dr.
Charlotte, NC 28277-8658

Andrew Gosling
15921 Heath Aster Way
Davidson, NC 28036-8958

BBX Capital Asset Management LLC.
c/o Charles M. Tatelbaum, Esq.
Tripp Scott, P.A.
110 S.E. Sixth Street, Fifteenth Floor
Fort Lauderdale, FL 33301-5000

BBX Capital Asset Management, LLC
401 E. Las Olas Blvd., #800
Fort Lauderdale, FL 33301-4284

BBX Capital Asset Management, LLC
C/O Charles Tatelbaum/Tripp Scott, P.A.
110 S.E. 6th Street, #1500
Fort Lauderdale, FL 33301-5039

BBX Capital Asset Management, LLC
c/o Jerry d. Tamayo, Esq.
110 SE Sixth St.
Fifteenth Floor
Fort Lauderdale, FL 33301-5000

Bally Beau Enterprises, Inc
19826 River Falls Dr.
Davidson, NC 28036-7851

Beach Community Bank
17 SE Eglin Parkway
Fort Walton Beach, FL 32548-5421

Berger Singerman
Attn: Brian Rich, Esq.
313 N. Monroe St., #301
Tallahassee, FL 32301-7643

Bouk Managment
17044 Kenton Dr
Cornelius, NC 28031-5642

Boyd & Durant
1407 E. Piedmont Dr.
Tallahassee, FL 32308-7962

Bret D Chapman
18501 Peninsula Club Dr
Cornelius, NC 28031-5111

Bret D Chapman Revocable Trust
2800 Armentrout Dr.
Concord, NC 28025-5865

Bret D ChapmanRevocable Trust
2800 Armentrout Dr.
Concord, NC 28025-5865

Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Bryant Boys, LLC
Dana Bradley & Marlin Hershey
7930 West Kenton Circle #250
Huntersville, NC 28078-1879

CRE/ADC Venture 2013-1
c/o Irene A. Bassel Frick, Esq.
401 E. Jackson St., # 1700
Tampa, FL 33602-5250

CRE/ADC Venture 2013-a
c/o Irene A. Bassel Frick, Esq.
401 E. Jackson St., #1700
Tampa, FL 33602-5250

Cadence Bank, N.A.
c/o John Anthony, Esq.
Anthony & Partners, LLC
201 N. Franklin Street, Ste. 2800
Tampa, FL 33602-5816

Calvin Ewell
620 Wentzel Rd East
Earl, PA 17519-9762

Cedar Woods Office Owners Assoc.
1291 Cedar Center Dr.
Tallahassee, FL 32301-4877

Cedar Woods Office Owners Association, Inc.
c/o Brant Hargrove
1291 Cedar Center Drive
Tallahassee, FL 32301-4877

Centennial Bank
635 E. Baldwin Rd.
Panama City, FL 32405-4207

CertusBank, N.A.
2415 Laurens Rd.
Greenville, SC 29607-3829

Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

Chris Hazlett
181 Rain Shadow Dr
Mooresville, NC 28115-8351

Christiano Luchetta
1641 Serrano Circle
Naples, FL 34105-4948

Christopher Kwiatkowski
115 Julia Cir
Davidson, NC 28036-6941

Claude  Davis
1613 Scotland Ave
Charlotte, NC 28207-2637

Dana Bradley
7428 Waterview Dr.
Cornelius, NC 28031-8642

David Gardner
7428 Waterview Dr.
Cornelius, NC 28031-8642

Doris Maloy, Leon County Tax Collector
Attn: Tia Stanley
P.O. Box 1835
Tallahassee, FL 32302-1835

Ed Bice Jr
104 Riding Trail
Mooresville, NC 28117-9165

Elizabeth  Martin
2856 Charlestown Road
Lancaster, PA 17603-9703

Equity Trust Co FBO Chad Hurst
11 Waterfront Estates Dr
Lancaster, PA 17602-4133

Equity Trust Co FBO: David Hoe
PO Box 451159
Westlake, OH 44145-0629

Erndit LLC
Dana Bradleyn Z and Marlin Hershey
7428 Waterview Dr.
Cornelius, NC 28031-8642

Ernest Kraft
119 Sardis Pointe Rd
Matthews, NC 28105-5326

Eugene Risser
42 Windcrest Dr
Lititz, PA 17543-8566

First Citizens Bank and Trust
3300 Cumberland Blvd., #300
Atlanta, GA 30339-3169

Florida Asset Resolution Group, LLC
c/o Jerry D. Tamayo, Esq.
110 SE Sixth St., Fifteenth Floor
Fort Lauderdale, FL 33301-5000

Florida Asset Resolution Group, LLC
c/o Jerry D. Tamayo, Esq.
110 SE Sixth Street, 15th Floor
Fort Lauderdale, FL 33301-5004

Fran Schmehl c/o FOX
20 Summer Ave
Dover, NJ 07801-5420

Garment District Holdings, LLC
Bhajneet Singh Malik
5175 Princess Anne Rd.
LA Canada, CA 91011-2427

George F. and M. Edith Pierre
c/o Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

George F. and M. Edith Pierre
c/o Jeffrey Pierre
11714 SilmarillionTrail
Austin, TX 78739-5632

George and Edith Pierre Trust
Alan G. Pierre
4416 Rosecliff Drive
Charlotte, NC 28277-8658

George and Edith Pierre Trust
Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Georgia Primary Bank
3880 Roswell Rd.
Atlanta, GA 30342-4418

Gerald Deardorff
2861 Taxville Rd.
York, PA 17408-9545

Gideon & Rhonda Lapp
2728 E 14th Street
Tulsa, OK 74104-4722

Greg Young
27 Ridge Rd
Lititz, PA 17543-8567

Hanover Insurance
c/o Rosenfeld Stein Batta, P.A.
21490 West Dixie Highway
Miami, FL 33180-1144

Hanover Insurance
c/o Rosenfeld Stein Batta, PA
21490 West Dixie Hwy.
Miami, FL 33180-1144

Haritage Bank of the South
c/o Lawton C. Heard, Jr., Esq.
PO Box 156
Cairo, GA 39828-0156

Helen Becker
485 W. 2nd Ave., Apt. #4
Lititz, PA 17543-2322

Helene Bradley
3191 Pawtucket Ave
East Providence, RI 02915-5148

Heritage Bank of the South
c/o Lawton C. Heard, Jr., Esq.
P.O. Box 156
Cairo, GA 39828-0156

Howard Zimmerman
322 Mountain Road
Lebanon, NJ 08833-5036

IRA Innovations, LLC
FBO Edward Sanderson Hoe IRA
6513 Clagett Ave
Tracys Landing, MD 20779-2539

IRA Innovations, LLC
FBO Marlin Hershey
15514 Fishermans Rest Ct.
Cornelius, NC 28031-7646

IRA Innovations, LLC
FBO: Laura Rose, IRA
13074 Cordellera Lane
Frisco, TX 75035-0158

IRA Innovations, LLC
FBO: Marcus Hoy, IRA
750 Old Hickory Blvd
Bldg. 2 Ste 150
Brentwood, TN 37027-4528

IRA Innovations, LLC
FBO: Mario Gonzalez, IRA
750 Old Hickory Blvd
Bldg 2 Ste 150
Brentwood, TN 37027-4528

IRA Innovations, LLC
FBO: Paul A Price, IRA
5401 Magnolia Circle
Orange Beach, AL 36561-3969

IRA Innovations, LLC
FOB Stephen Osborne
PO Box 360750
Birmingham, AL 35236-0750

IRA Services Trust Co
FBO Peter Flanagan IRA 176308
PO Box 7080
San Carlos, CA 94070-7080

JB Kohlenberg-Tache
7341 Windyrush Road
Charlotte, NC 28226-3111

JTS Capital 2, LLC
3208 Greenleaf Dr.
Waco, TX 76710-1453

James Davis
4355 Sabal Palm Way
Miami, FL 33137-3355

James Hess
640 Laurel Ln
Lancaster, PA 17601-3512

Jane Tennis
15 Tennis Ct
Lititz, PA 17543-7952

Jay Nielson
PO Box 2515
Cody, WY 82414-2515

Jeff Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Jeff Tennis
15 Tennis Ct.
Lititz, PA 17543-7952

Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Jeffrey Pierre
11714 SilmarillionTrail
Austin, TX 78739-5632

Jeffrey Tennis
15 Tennis Court
Lititz, PA 17543-7952

Jennifer Risser
258 Hillcrest Ln
Elizabethtown, PA 17022-9744

Jerry D. Tamayo
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

John Anthony, Esquire
Anthony and Partners
201 N. Franklin St. Suite 2800
Tampa, Florida 33602-5816

John E. Elias
400 Altom Rd., Unit 3203
Miami Beach, FL 33139-6756

K & G Ventures
Keith Gibson
1460 Amity Hill Rd
Cleveland, NC 27013-9238

Kae Wagner
245 Butler Avenue Suite 200
Lancaster, PA 17601-6323

Kathleen Gerten
15 Peach Basket Dr
Glen Spey, NY 12737-5406

Keith Snyder
900 Northside Court Apt 921
Lititz, PA 17543-8151

Kenneth Miller
8919 Park Rd. Apt. 5000
Charlotte, NC 28210-7613

Kenneth Rieger
14 Hillcrest Ave.
Summit, NJ 07901-2023

KeyBank Real Estate Capital
11501 Outlook St., #300
Leawood, KS 66211-1807

Kimberley  Bradley
6617 Rosecroft Place
Falls Church, VA 22043-1828

Lamar B Lutz
33 Tara Dr
Lititz, PA 17543-7989

Laurie Dozier
1203 Miccosukee Rd.
Tallahassee, FL 32308-5077

Leo Neff
174 Valleybrook Dr
Lancaster, PA 17601-4619

Linda Price
18090 Sapphire Lane
Foley, AL 36535-5083

Linford Weaver
1852 Agape Court East
Earl, PA 17519-9576

Louise Thompson
2406 Market St
Wilmington, NC 28403-1136

MSHR, Inc
10630 Quarrier Dr
Cornelius, NC 28031-9339

MSHR, Inc (Melanie Rockfeller)
10630 Quarrier Dr
Cornelius, NC 28031-9339

MWH Holdings, LLC
7930 W. Kenton Circle Suite 250
Huntersville, NC 28078-1879

Madelyn Buckwalter
1011 Lititz Pike
Lititz, PA 17543-9325

Malik Enterprises, LLC
5175 Princess Anne Rd.
La Canada, CA 91011-2427

Marc Romeo
1725 Camino Palmero St. #318
Los Angeles, CA 90046-2923

Marcus  Hoy
20821 Lagoona Dr
Cornelius, NC 28031?7117

Margie Bidlingmaier
3445 Stratford Rd. NE 3708
Atlanta, GA 30326-1723

Marianne Provenzola
7436 Waterview Dr
Cornelius, NC 28031-8642

Mark Hess
277 Orchard Park Dr
Advance, NC 27006-7481

Mark Neff
414 Linden Street
Mechanicsburg, PA 17050-2826

Martha Hershey
40 East Forth Ave
Litiz, PA 17543

Mary A Fowler
1845 Royal Palm Way
Boca Raton, FL 33432-7443

Michael Dickson
2753 Oberlin Rd Unit #103
Raleigh, NC 27608-1217

Miriam Weaver
151 Fairview Dr., Apt 161
Lititz, PA 17543-8159

Moteng Funding,  LLC
7930 W. Kenton Cir. #250
Huntersville, NC 28078-1879

PPV, Inc.
Phillip Vineyard
45 A East Bay St
Charleston, NC 29401-2500

Papillon Financial Services
1922 East 7th Place
Los Angeles, CA 90021-1602

Patricia Marks
1930 Ursinus Ave.
Lancaster, PA 17603-4411

Paul C. Drago
36 Townes Square Lane
Greenville, SC 29609-5547

Paul Stokes
125 Roosevelt Ave
Middletown, PA 17057-2128

Pensco Trust Co FBO Carolyn Stone
IRA Acct# 20003698
601 Hillside Dr. N. Apt 3422
North Myrtle Beach, SC 29582-8929

Pensco Trust Co FBO Charles G. Hooper
Acct #70001268
210 Ragsdale Rd.
Greenville, SC 29611-7538

Pensco Trust Co FBO Eugene Risser
Acct # RI1CC
PO Box 173859
Denver, CO 80217-3859

Pensco Trust Co FBO Gary Barringer
IRA Acct #200061928
PO Box 173859
Denver, CO 80217-3859

Pensco Trust Co FBO Kyle Fadeley
Acct #20003171
13551 Steelcroft Pkwy., #120
Charlotte, NC 28278-7564

Pensco Trust Co FBO Paul C. Drago
IRA# DR1BU
36 Townes Square Lane
Greenville, SC 29609-5547

Pensco Trust Co.  FBO Debra Sturkey
IRA #080000008578
133 Barnsley Road
Columbia, SC 29212-1802

Pensco Trust Co. FBO Chad Hurst
Account #HU1FA
11 Waterfront Estates Dr
Lancaster, PA 17602-4133

Pensco Trust Co. FBO Dana Bradley
IRA #080000003524
7428 Waterview Drive
Cornelius, NC 28031-8642

Pensco Trust Co. FBO Dennis L Adams
IRA#08000000803
1720 Hwy 87 S
Cameron, NC 28326

Pensco Trust Co. FBO Gary K Barringer
IRA #20006192
6332 AlbaRose Lane
Huntersville, NC 28078-2451

Pensco Trust Co. FBO Gary Schoeny
IRA#20007043
239 Weaver Road
Warrensville, NC 28693-9350

Pensco Trust Co. FBO Joe Bost
Acct #BO1FD
795 Golden Road
Tryon, NC 28782-0049

Pensco Trust Co. FBO Julie K. Tache
IRA#080000001997
7341 Windyrush Road
Charlotte, NC 28226-3111

Pensco Trust Co. FBO Lamar B. Lutz
Acct #LU1AY
33 Tara Dr
Lititz, PA 17543-7989

Pensco Trust Co. FBO Mark Hershey
Acct #HE1BK
40 East Fourth Ave
Lititz, PA 17543-2750

Pensco Trust Co. FBO Mary Howard
IRA#20005273
260 East Minnesota Avenue
Orange City, FL 32763-2315

Pensco Trust Co. FBO Nancy Bigonette
Acct #BI1DM
344 Lalley Blvd
Fairfield, CT 06824-6710

Pensco Trust Co. FBO Scott Chatham
Acct #CH1DG
P.O. Box 173859
Denver, CO 80217-3859

Peter Seamans
1750 30th St #495
Boulder, CO 80301-1029

Peter Vandenberg
6600 SW 100th St.
Miami, FL 33156

Peter Vandenbert
6600 SW 100th St.
Miami, FL 33156

Philip Vineyard
45 A East Bay St
Charleston, SC 29401-2500

Phyllis Sturkey
601 Hillside Drive N Apt 3402
North Myrtle Beach, SC 29582-8929

Prubjeet Singh Khurana
55 Skyridge Dr
Newport Coast, CA 92657-1815

RAM Tax Lien Fund LP
P.O. Box 8401
Carol Stream, IL 60197-8401

RES-FL Vision One, LLC
c/o Jones Walker, Waechter
601 Brickell Key Dr.
Miami, FL 33131-2662

Raeford Simmons
2808 Blanche Drive
Burlington, NC 27215-5228

Randall Lowery
128 Hollybrooke Lane
Statesville, NC 28625-8572

Randy Jeryl Bates II
329 North Civitas St
Mt. Pleasant, SC 29464-2798

Regions Bank
Tallahassee Apalachee Parkway
P.O. Box 1984
Birmingham, AL 35201-1984

Richard Rockefeller
P.O. Box 423
Westport, NY 12993-0423

Richard Wallin
2343 Fruitville Pike
Lancaster, PA 17601-3241

Robert  Palmer
9327 Devonshire Dr
Huntersville, NC 28078-5946

Robert Fish
6911 Green Turtle Dr
Charlotte, NC 28210-4064

Robert Van Epps
18637 Rollingdale Lane
Davidson, NC 28036-7866

Robin Bradley
7428 Waterview Drive
Cornelius, NC 28031-8642

Ronald Stromple
15120 Arbor Trail Court #1002
Charlotte, NC 28277-3367

Roy Hess
21 E Lemon St
Lititz, PA 17543-1932

SC Advisors 7, LLC
Attn: Mike Stone
2764 Pleasant Rd., #11040
Fort Mill, SC 29708-7213

SC Advisors 7, LLC
Attn: Terpening Law PLLC
221 W. 11th St.
Charlotte, NC 28202-1715

SC Advisors 7, LLC
c/o Andrew G. Tretter, Esq.
750 Carica Rd.
Naples, FL 34108-2627

SC Advisors 7, LLC
c/o Terpening Law PLLC
221 W. 11th Street
Charlotte, NC 28202-1715

SC Advisors VII, LLC
Attn: Mike Stone
2764 Pleasant Road #11040
Fort Mill, SC 29708-7213

Sandra Simmons
2808 Blanche Drive
Burlington, NC 27215-5228

Sarah V Brush
24 Perserverance St
Mount Pleasant, SC 29464-7603

Scott Seamans
1750 30th St. #494
Boulder, CO 80301-1029

Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Ste. 1800
Miami, FL 33131-4901

Sevier County Bank
111 E. Main St.
Sevierville, TN 37862-3513

Snow Angel Investments, LLC
c/o Claudia Burnette, Trustee
182 North Woodland Ave
Forest City, NC 28043-2534

Southern Atlantic Electric Co.
11618 Columbus Park Dr. E.
Jacksonville, FL 32258-2492

Southern Performance Group, Inc.
Mr. Scott Rockefeller
10610 Quarrier Dr
Cornelius, NC 28031-9339

Speedwell Partners
4 Green Acre Road
Attn: Ethan Gibbel
Lititz, PA 17543-8775

Spring Street Capital
Richard Stader
250 Northwest Blvd. # 101A
Coeur D'Alene, ID 83814-2971

Spur Ranch Enterprises, LLC
Substituted for Federal Trust Bank
979 Beachland Blvd.
Vero Beach, FL 32963-1688

(p)STATE BANK AND TRUST COMPANY
ATTN BANKRUPTCIES
PO BOX 4748
MACON GA 31208-4748

Sterling Flower Partnership
42910 Edwards Ferry Road
Leesburg, VA 20176-5112

Steven Bowen
135 Sunbeam Farm Rd.
Cherryville, NC 28021-9076

Steven M. Leoni
c/o Byron Wright, III, Esq.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Steven M. Leoni
c/o Robert C. Bruner, Esq.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Steven Steinsnyder
1750 Saffin Circle
Lancaster, PA 17601-4650

Sun Glass & Door Co.
7436 Waterview Dr
Cornelius, NC 28031-8642

SunTrust Bank
76 S. Laura St., 18th Floor
Jacksonville, FL 32202-3433

TJC, LLC
550 S. Dixie Highway
Coral Gables, FL 33146-2701

TNE Investments, LLC
Tom Hummel
261 Treetops Drive
Stanley, NC 28164-6850

Thomas Dickson
c/o The Dickson Foundation
200 South College St., # 1800
Charlotte, NC 28202-2020

Troy D. Templeton
550 S. Dixie Hwy, Ste. 300
Miami, FL 33146-2701

Trusted Benefit Advisors
15120 Arbor Trail Court #1002
Charlotte, NC 28277-3367

Trustmark National Bank
248 E. Capitol St.
Jackson, MS 39201-2582

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Victor Neill
579 Georgetown Dr
Concord, NC 28027-6463

Vijay Daswani
6 Saddlewood Estates Dr.
Houston, TX 77024-6841

W.F. Lindsey Trust
1320 Thomaswood Dr.
Tallahassee, FL 32308-7914

Wendy Colthart
786 Dunloe Ave
Ottowa, On K1K 0K4
CANADA

William Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

William Burroughs
22916 Torrence Chapel Rd
Cornelius, NC 28031-6803

William Detterer
308 Charleston Ln
Wyomissing, PA 19610-1802

William Dickson
1329 Mayfair Road
Raleigh, NC 27608-1939

William J. Oehme
242 New Haven Dr
Lititz, PA 17543-8674

Willilam Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

Edward J. Peterson III
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

James Morris Rudnick
P.O. Box 13633
Tallahassee, FL 32317-3633

Jeff Sessions
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

(p)SHERRY F  CHANCELLOR
619 W CHASE ST
PENSACOLA FL 32502-4711

Steven M Leoni
c/o Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

State Bank & Trust Co.
2380 Old Milton Pkwy.
Alpharetta, GA 30009

Sherry Chancellor
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cedar Woods Office Owners Asso.

(d)AERL, L.C.
c/o Elizabeth R. Brusa
Bradley Arant Boult Cummings LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602-5809

(d)Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

(d)Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street,Suite 1500
Fort Lauderdale, FL 33301-5039

(d)Claude Davis
1613 Scotland Ave
Charlotte, NC 28207-2637

(d)Elizabeth Martin
2856 Charlestown Road
Lancaster, PA 17603-9703

(d)Erndit LLC
Dana Bradleyn Z& Marlin Hershey
7428 Waterview Dr.
Cornelius, NC 28031-8642

(d)Gideon and Rhonda Lapp
2728 E 14th Street
Tulsa, OK 74104-4722

(d)JB Kohlenberg?Tache
7341 Windyrush Road
Charlotte, NC 28226-3111

(d)JTS Capital 2, LLC
c/o Robert J. Powell, Esq.
PO Box 13010
Pensacola, FL 32591-3010

(d)Jerry D. Tamayo
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

(d)K and G Ventures
Keith Gibson
1460 Amity Hill Rd
Cleveland, NC 27013-9238

(d)Kimberley Bradley
6617 Rosecroft Place
Falls Church, VA 22043-1828

(d)Madelyn Buckwalter
1011 Lititz Pike
Lititz, PA 17543?9325

(d)Marcus Hoy
20821 Lagoona Dr
Cornelius, NC 28031-7117

(d)Moteng Funding, LLC
7930 W. Kenton Cir. #250
Huntersville, NC 28078-1879

(d)Pensco Trust Co. FBO Debra Sturkey
IRA #080000008578
133 Barnsley Road
Columbia, SC 29212-1802

(d)Regions Bank
Tallahassee Apalachee Parkway
PO Box 1984
Birmingham, AL 35201-1984

(d)Robert Palmer
9327 Devonshire Dr
Huntersville, NC 28078-5946

(d)SC Advisors 7, LLC
8813 Pristine Court
Huntersville, NC 28078-5670

(u)SC Advisors 7, LLC
Attn:  Mike Stone
2764 Pleasant Rd., #11040 Fort Mill

(d)Scott Seamans
1750 30th St. #494
Boulder, CO 80301-1029

(d)Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Suite 1800
Miami, FL 33131-4901

(d)Troy D. Templeton
550 S. Dixie Hwy., Ste. 300
Miami, FL 33146-2701

(d)Wendy Colthart
786 Dunloe Ave
Ottowa, On K1K 0K4
CANADA

(d)William Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

End of Label Matrix
Mailable recipients    222
Bypassed recipients     26
Total                  248