UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

JAMES MORRIS RUDNICK,

     Debtor.

_____/

Case No. 20-40124-KKS

Chapter 7

**JOINT MOTION OF THE DEBTOR
AND SC ADVISORS  TO APPROVE SETTLEMENT
BY AND BETWEEN DEBTOR AND SC ADVISORS 7, LLC**

JAMES MORRIS RUDNICK (the "**Debtor**") and SC Advisors 7, LLC ("**SCA**") respectfully request the entry of an order approving a compromise between the Debtor and SCA.  In support of this motion, the parties respectfully represent as follows:

**Jurisdiction**

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1408.

2.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 1107, and 1108 (the "**Bankruptcy Code**"), Rules 2002 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rules 2002-4 and 9019-1.

## Background

3.     On March 23, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

4.     SCA is a creditor of the Debtor under separate guaranty agreements that the Debtor signed in connection with loans made by SCA to various business entities for certain real estate development projects in which the Debtor was involved.  On July 27, 2020, SCA filed its proof of claim in the amount of $4,775,000.00, which has been designated as Claim No. 57 on the claims register (the "**SCA Claim**").

5.     SCA filed Adversary Proceeding Case No. 20-4013.  In response to the initial Adversary Complaint, the Debtor filed his *Motion to Dismiss Adversary Complaint and Objection to Entry of Discharge Pursuant to 11 U.S.C. §§ 727(a) and 727(c)* (Doc No. 10 in the Adversary).  SCA filed an Amended Adversary Complaint (the "**Amended Complaint**").

6.     The Debtor filed his *Motion to Dismiss the Amended Complaint* and on March 3, 2021, the Court entered its *Order Dismissing the Amended Complaint* (Doc. 27) (the "**Dismissal Order**").  The Dismissal Order gave SCA 21 days from the conclusion of mediation to file a further amended Adversary Complaint.

4833-3702-6511, v. 1

7.    The Chapter 7 Trustee filed the Trustee's Motion to Approve Compromise or Settlement with Debtor, James Rudnick (Doc. No. 147) (the "**Chapter 7 Trustee Settlement Motion**"), which, subject to Court approval, resolves all issues as between the Chapter 7 Trustee, the estate, and the Debtor.  SCA filed its Objection to the Chapter 7 Trustee Settlement Motion, which was the only objection filed to the Chapter 7 Trustee Settlement Motion.

8.    On March 9, 2021, SCA and the Debtor participated in a mediation with Roy Kobert.[1]  The result of this mediation was the Mediated Settlement agreement (the "**Bankruptcy Agreement**") attached hereto as **Exhibit A**.

9.    The mediator also mediated issues by and between SCA and James McClung Du Rant Jr. as Trustee of Capitol Capital Irrevocable Trust (the "**CC Trust**").  The result of those efforts was a settlement which is attached hereto as **Exhibit B** (the "**CC Trust Settlement Agreement**").  The CC Trust Settlement Agreement also requires some action on the part of the Debtor.

10.    Prior to the Chapter 7 case being commenced, the Debtor had been the subject of lengthy discovery in-aid-of execution.  Post-petition, the Debtor provided substantial discovery[2] to the Chapter 7 Trustee.

---

[1]    The Chapter 7 Trustee and her counsel also participated in the mediation via telephone as there were certain intertwined issues, including SCA's objection to the Chapter 7 Trustee Settlement Motion.

[2]    The Debtor produced tens of thousands of pages of documents, participated in informal discovery to and responded to inquiries from both the Chapter 7 Trustee and SCA.  The CC Trust also provided substantial discovery and responses to inquires as well.

**Terms of Compromise**

11.     The Bankruptcy Agreement, along with the CC Trust Settlement

Agreement and the Chapter 7 Trustee Settlement, will resolve all outstanding issues

in this Chapter 7 case.

12.     Subject to the approval of this Court, the Debtor and SCA entered into

the Bankruptcy Agreement.  The material terms of the Bankruptcy Agreement are:[3]

> (a)     SCA shall receive a lump sum payment of
> $100,000.00. Pending approval of the Bankruptcy Agreement
> and the Trustee Settlement, the $100,000 shall be deposited in
> escrow with counsel for the Debtor on or before March 30, 2021
> and paid to SCA upon the entry of final non-appealable orders
> approving the Bankruptcy Agreement and the Trustee
> Settlement.

> (b)     SCA shall be entitled to a Stipulated non-
> dischargeable judgment in favor of SCA and against the Debtor
> in the amount of $300,000 (the "**Consent Judgment**"),
> substantially in the form of **Exhibit B** attached to the Bankruptcy
> Agreement, to be held in escrow with SCA's attorney.  SCA
> agrees that it shall not seek entry of the Consent Judgment for a
> period of twelve months, subject to the Debtor's compliance with
> the Bankruptcy Agreement and the CC Trust Settlement
> Agreement.  Debtor agrees to participate in the preparation of
> and/or sign any documents, now or at any point in the future,
> necessary for SCA to obtain the Consent Judgment.  This
> includes, without limitation, re-executing a new Consent
> Judgment and related documents if there are problems with the
> Consent Judgment. The Parties anticipate that the Consent

---

[3] To the extent that the summary of the terms of the Bankruptcy Agreement conflict with the terms of the actual Bankruptcy Agreement, the terms of the actual Bankruptcy Agreement shall govern.  Unless otherwise defined herein, capitalized terms shall have the same meaning as in the Bankruptcy Agreement.

4833-3702-6511, v. 1

Judgment, if filed, would be filed in the United States District Court for the Northern District of Florida, Tallahassee Division.

(c)    The Parties will jointly request that the hearing on the Bankruptcy Agreement and any objections thereto be scheduled immediately before the hearing on SCA's objection to the Chapter 7 Trustee Settlement. SCA shall immediately withdraw the Objection to the Chapter 7 Trustee Settlement conditioned upon the Bankruptcy Agreement being approved by the Court.

(d)    The Parties agree to adopt and execute mutual releases similar to the scope of the Mutual Releases as defined and described in the Chapter 7 Trustee Settlement, however with a carve out for (i) contractual rights of SCA and (ii) the duties of the Parties in the Bankruptcy Agreement and the CC Trust Settlement Agreement.

(e)    SCA and the Chapter 7 Trustee have or shall enter into a separate stipulation regarding the review, treatment, and allowance of the SCA Claim.

(f)    The Parties agree that the Debtor shall be solely responsible for any and all mediator fees due and owing above the retainer that has been paid by each side.

(g)    The Parties agree to obtain an *ex parte* order tolling the deadline to amend the Adversary per the Court's Order (Doc. 27), pending approval of the Bankruptcy Agreement and the Chapter 7 Trustee Settlement.

(h)    The Debtor shall execute a mutually acceptable affidavit, substantially in the form attached to the Bankruptcy Agreement, containing factual statements describing the Debtor's arm's length relationship to SCA and its representatives.

4833-3702-6511, v. 1

### Standards for Court Approval

13.    The law favors compromises of disputes over litigation.  *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.).  A proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce.  *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.).  In *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, (1990), the court enunciated certain factors which must be considered in determining whether to approve a compromise.  These factors include the following:

> (a)    The probability of success in the litigation;
>
> (b)    The difficulties, if any, to be encountered in the matter of collection;
>
> (c)    The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and
>
> (d)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*.

14.    The compromise should be approved because the *Justice Oaks* factors are satisfied:

> (a)    <u>The probability of success in the litigation</u>:  The Debtor is confident in his chances of success on the merits in the litigation.  However, success is not guaranteed and the Court did allow SCA to amend its Complaint.

(b)     The difficulties, if any, to be encountered in the matter of collection:  The Debtor feels that even if successful, SCA would have great difficulty in collecting any amounts from the Debtor.  However, the expense and inconvenience of dealing with post-judgment collection efforts on a non-dischargeable debt would be inordinate.  This factor weighs in favor of approving the settlement.

(c)     The complexity of the litigation involved and the expense, inconvenient, and delay necessarily attending it: The issues raised in the Adversary Proceeding are somewhat complex and there are trusts and various entities involved in this bankruptcy case.  The expense of litigating would be great and certainly inconvenient.  Moreover, the litigation would cause delay in the closing of the case and the distributions to the creditors.   The Trustee Settlement will result in a payment of $500,000 to the estate.  If this settlement is not approved, the Trustee Settlement may be delayed.

(d)     The paramount interests of the creditors and a proper deference to their reasonable views in the premises: The two largest creditors, AMG32304, LLC and BBX, both voiced approval of the Trustee Settlement at the hearing to approve the Trustee Settlement.  In addition, approval of the settlement will result in a quicker distribution to creditors and less expense for the estate.  This factor weighs in favor of approval.

15.     Accordingly, the *Justice Oaks* factors are satisfied and the settlement should be approved.

16.     The parties request that the Court consider the Bankruptcy Settlement and the Chapter 7 Trustee Settlement Motion simultaneously as the resolution of each is inter-dependent.

4833-3702-6511, v. 1

.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this motion; (b) approving the compromise as reflected in the Bankruptcy Agreement; (c) authorizing the Debtor and SCA to take all steps necessary to consummate the Bankruptcy Agreement; and (d) providing such further relief as is just.

*/s/ Edward J. Peterson*
Edward J. Peterson
Florida Bar No. 0014612
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602-4718
Telephone: (813) 229-0144
Email: epeterson@srbp.com
Attorneys for Debtor

4833-3702-6511, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the *Debtor's Motion to Approve Settlement By and Between Debtor and SC Advisors 7, LLC* has been furnished on this 25th day of March, 2021, by the Court's electronic mail noticing system to all parties receiving electronic noticing as set forth below and by U.S. mail to all creditors not receiving electronic noticing set forth on the Court's mailing matrix.

/s/ Edward J. Peterson

Edward J. Peterson

### ELECTRONIC MAILING LIST

- **John A. Anthony**    janthony@anthonyandpartners.com , efilings@anthonyandpartners.com; euzonwanne@anthonyandpartners.com; sdavis@anthonyandpartners.com
- **Judson C. Brandt**    jbrandt@clarkpartington.com, ldunlap@clarkpartington.com; vhoyt@clarkpartington.com
- **Robert C. Bruner**    rbruner@brunerwright.com, melanie@brunerwright.com; twright@brunerwright.com; yvonne@brunerwright.com
- **Elizabeth R Brusa**    ebrusa@bradley.com, ddecker@bradley.com; ebrusa@ecf.courtdrive.com
- **Sherry Chancellor**    sherry.chancellor@yahoo.com, FL50@ecfcbis.com
- **Sherry F. Chancellor**    sherry.chancellor@yahoo.com, dandwh@aol.com
- **James M. Donohue**    jdonohue@ausley.com, sshaffer@ausley.com
- **Brant Hargrove**    hargrovelaw@embarqmail.com
- **Michael Howard Moody**    Michael.Moody@MichaelHMoodyLaw.com, 8483@notices.nextchapterbk.com
- **Edward J. Peterson**    epeterson.ecf@srbp.com, epeterson@srbp.com
- **Robert James Powell**    rpowell@moorheadlaw.com , hyefremov@moorheadlaw.com; eservice@moorheadlaw.com

- **Scott A. Remington**   sremington@clarkpartington.com, ldunlap@clarkpartington.com; cblackledge@clarkpartington.com
- **Brian G. Rich**   brich@bergersingerman.com, efile@bergersingerman.com; rperez@bergersingerman.com; efile@ecf.inforuptcy.com
- **Jerry D. Tamayo**   jdt@trippscott.com , hbb@trippscott.com; eservice@trippscott.com
- **Charles M. Tatelbaum**   cmt@trippscott.com, hbb@trippscott.com; eservice@trippscott.com
- **William Terpening**   terpening@terpeninglaw.com , connelly@terpeninglaw.com
- **Andrew Grant Tretter**   atretteresq@gmail.com , brock@terpeninglaw.com; terpening@terpeninglaw.com
- **United States Trustee**   USTPRegion21.TL.ECF@usdoj.gov
- **Byron Wright**   twright@brunerwright.com , melanie@brunerwright.com; yvonne@brunerwright.com

4833-3702-6511, v. 1

```
Label Matrix for local noticing      AERL, L.C.                           AM32304WG, LLC
1129-4                               c/o Elizabeth R. Brusa               c/o Manausa Law Firm, P.A.
Case 20-40124-KKS                    Bradley Arant Boult Cummings LLP     1701 Hermitage Blvd.
Northern District of Florida         100 N. Tampa Street                  Suite 100
Tallahassee                          Suite 2200                           Tallahassee, FL 32308-7796
Wed Mar 24 08:56:19 EDT 2021         Tampa, FL 33602-5809

BBX Capital Asset Management, LLC    Berger Singerman LLP                 Claudia Thompson, Trustee Burnette
c/o Tripp Scott, P.A.                313 North Monroe Street              Snow Angel Investments, LLC
110 S.E. 6th Street                  Suite 301                            2434 41st Street
Suite 1500                           Tallahassee, FL 32301-7643           Apt#256
Suite 1500                                                                Wilmington, NC 28403
Fort Lauderdale, FL 33301-5039

John Thomas Burnette                 Cadence Bank, N.A.                   Florida Asset Resolution Group, LLC
c/o Michael H. Moody Law, P.A.       c/o Anthony & Partners, LLC          c/o Tripp Scott, P.A.
P.O. Box 4363                        201 N. Franklin Street               110 S.E. 6th Street
Tallahassee, FL 32315-4363           Suite 2800                           Suite 1500
                                     Tampa, FL 33602-5816                 Fort Lauderdale, FL 33301-5039

Florida Dept. of Labor/Employment Security   Florida Dept. of Revenue    Steven M Leoni
c/o Florida Dept. of Revenue         Bankruptcy Unit                     c/o Bruner Wright, P.A.
P.O. Box 6668                        P.O. Box 6668                        2810 Remington Green Circle
Tallahassee, FL 32314-6668           Tallahassee, FL 32314-6668          Tallahassee, FL 32308-8708

MSHR Inc.                            Pensco Trust Co. FBO Mary Howard     James Morris Rudnick
c/o Melaine Rockefeller              IRA20005273                          P.O. Box 13633
10630 Quarrier Dr.                   260 East Minnesota Avenue            Tallahassee, FL 32317-3633
Cornelius, NC 28031-9339             Orange City, FL 32763-2315

SC Advisors 7, LLC                   TJC, LLC                             Trustmark National Bank
8813 Pristine Court                  550 South Dixie Highway, Ste. 300    Judson C. Brandt, Esquire
Huntersville, NC 28078-5670          Coral Gables, FL 33146-2701          Post Office Box 13010
                                                                          Pensacola, FL 32591-3010

U.S. Attorney (Tallahassee Office)   U.S. Securities & Exchange Commission   *AM32304WG, LLC
111 N. Adams Street                  Atlanta Reg Office and Reorg         c/o Kyle L. Shaw, Esq.
Fourth Floor                         950 E Paces Ferry Rd NE Ste 900      Manausa Law Firm, P.A.
Tallahassee, FL 32301-7736           Atlanta, GA 30326-1382               1701 Hermitage Blvd., Ste. 100
                                                                          Tallahassee, FL 32308-7796

*Florida Asset Resolution Group. LLC.   *JTS Capital 2, LLC               *Scott Remington, Esq.
c/o Charles M. Tatelbaum, Esq.       c/o Robert J. Powell, Esq.           PO Box 10310
Tripp Scott, P.A.                    Clark Partington                     Pensacola, FL 32524-0310
110 S.E. Sixth Street, Fifteenth Floor   125 E. Intendencia St., 4th Floor
Fort Lauderdale, FL 33301-5000       Pensacola, FL 32502-5805

*Trustmark National Bank             AERL, L.C.                           AERL, LC
c/o Judson C. Brandt, Esq.           Elizabeth R. Brusa, Esq.             6000 Westown Parkway
PO Box 13010                         100 N.Tampa Street                   West Des Moines, IA 50266-7711
Pensacola, FL 32591-3010             Suite 2200
                                     Tampa, FL 33602-5809

AM32304WG, LLC                       Alan Pierre                          Alan and Maureen Pierre
1701 Hermitage Blvd., #100           Moore & Van Allen PLLC, Attn Gabriel Mat   4416 Rosecliff Dr.
Tallahassee, FL 32308-7796           100 N. Tryon St., Ste 4700           Charlotte, NC 28277-8658
                                     Charlotte, NC 28202-4003
```

Ameris Bank
Loan Service Center
P.O. Box 105075
Atlanta, GA 30348-5075

Andrew Gosling
15921 Heath Aster Way
Davidson, NC 28036-8958

Anna S. Gorman
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, NC 28202-2623

BBX Capital Asset Management LLC.
c/o Charles M. Tatelbaum, Esq.
Tripp Scott, P.A.
110 S.E. Sixth Street, Fifteenth Floor
Fort Lauderdale, FL 33301-5000

BBX Capital Asset Management, LLC
401 E. Las Olas Blvd., #800
Fort Lauderdale, FL 33301-4284

BBX Capital Asset Management, LLC
C/O Charles Tatelbaum/Tripp Scott, P.A.
110 S.E. 6th Street, #1500
Fort Lauderdale, FL 33301-5039

BBX Capital Asset Management, LLC
c/o Jerry d. Tamayo, Esq.
110 SE Sixth St.
Fifteenth Floor
Fort Lauderdale, FL 33301-5000

Bally Beau Enterprises, Inc
19826 River Falls Dr.
Davidson, NC 28036-7851

Beach Community Bank
17 SE Eglin Parkway
Fort Walton Beach, FL 32548-5421

Berger Singerman
Attn: Brian Rich, Esq.
313 N. Monroe St., #301
Tallahassee, FL 32301-7643

Bouk Managment
17044 Kenton Dr
Cornelius, NC 28031-5642

Boyd & Durant
1407 E. Piedmont Dr.
Tallahassee, FL 32308-7962

Bret D Chapman
18501 Peninsula Club Dr
Cornelius, NC 28031-5111

Bret D Chapman Revocable Trust
2800 Armentrout Dr.
Concord, NC 28025-5865

Bret D ChapmanRevocable Trust
2800 Armentrout Dr.
Concord, NC 28025-5865

Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Bryant Boys, LLC
7930 W. Kenton Circle, Suite 250
Huntersville, NC 28078-1879

Bryant Boys, LLC
Dana Bradley & Marlin Hershey
7930 West Kenton Circle #250
Huntersville, NC 28078-1879

CRE/ADC Venture 2013-1
c/o Irene A. Bassel Frick, Esq.
401 E. Jackson St., # 1700
Tampa, FL 33602-5250

CRE/ADC Venture 2013-a
c/o Irene A. Bassel Frick, Esq.
401 E. Jackson St., #1700
Tampa, FL 33602-5250

Cadence Bank, N.A.
c/o John A. Anthony, Esquire
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602-5318

Cadence Bank, N.A.
c/o John Anthony, Esq.
Anthony & Partners, LLC
201 N. Franklin Street, Ste. 2800
Tampa, FL 33602-5816

Calvin Ewell
620 Wentzel Rd East
Earl, PA 17519-9762

Capital Recovery Advisors
4801 Woodway Dr., Suite 427W
Houston, TX 77056-1872

Cedar Woods Office Owners Assoc.
1278 Cedar Center Dr.
Tallahassee, FL 32301-4876

Cedar Woods Office Owners Association
1278 Cedar Center Drive
Tallahassee, FL 32301-4876

Cedar Woods Office Owners Association, Inc.
c/o Brant Hargrove
1291 Cedar Center Drive
Tallahassee, FL 32301-4877

Centennial Bank
635 E. Baldwin Rd.
Panama City, FL 32405-4207

CertusBank, N.A.
2415 Laurens Rd.
Greenville, SC 29607-3829

Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

Chris Hazlett
181 Rain Shadow Dr
Mooresville, NC 28115-8351

Christiano Luchetta
1641 Serrano Circle
Naples, FL 34105-4948

Christopher Kwiatkowski
115 Julia Cir
Davidson, NC 28036-6941

Claude  Davis
1613 Scotland Ave
Charlotte, NC 28207-2637

Dana Bradley
7428 Waterview Dr
Cornelius, NC 28031-8642

David Gardner
7428 Waterview Dr.
Cornelius, NC 28031-8642

Debra H Sturkey
P. O. Box 70645
Myrtle Beach, SC 29572-0029

Dennis L. Adams
1720 NC 87s
Cameron, NC 28326-7506

Doris Maloy, Leon County Tax Collector
Attn: Tia Stanley
P.O. Box 1835
Tallahassee, FL 32302-1835

Dr. Paul Carl Drago
PO Box 777
Folly Beach, SC 29439-0777

Ed Bice Jr
104 Riding Trail
Mooresville, NC 28117-9165

Edward Sanderson Hoe
6513 Clagett Avenuie
Tracys Landing, MD 20779-2539

Elizabeth  Martin
2856 Charlestown Road
Lancaster, PA 17603-9703

Equity Trust Co FBO Chad Hurst
11 Waterfront Estates Dr
Lancaster, PA 17602-4133

Equity Trust Co FBO: David Hoe
PO Box 451159
Westlake, OH 44145-0629

Erndit LLC
Dana Bradleyn Z and Marlin Hershey
7428 Waterview Dr.
Cornelius, NC 28031-8642

Erndit, LLC
7428 Waterview Dr.
Cornelius, NC 28031-8642

Ernest Kraft
119 Sardis Pointe Rd
Matthews, NC 28105-5326

Estate of James Davis
c/o Gregory Tait and Mary A. Fowler
1845 Royal Palm Way
Boca Raton, FL 33432-7443

Eugene Risser
42 Windcrest Dr
Lititz, PA 17543-8566

First Citizens Bank and Trust
3300 Cumberland Blvd., #300
Atlanta, GA 30339-3169

Florida Asset Resolution Group, LLC
c/o Jerry D. Tamayo, Esq.
110 SE Sixth St., Fifteenth Floor
Fort Lauderdale, FL 33301-5000

Florida Asset Resolution Group, LLC
c/o Jerry D. Tamayo, Esq.
110 SE Sixth Street, 15th Floor
Fort Lauderdale, FL 33301-5004

Fran Schmehl c/o FOX
20 Summer Ave
Dover, NJ 07801-5420

Gabriel Mathless
Moore & Van Allen PLLC
100 N. Tryon St., Ste 4700
Charlotte, NC 28202-4003

Garment District Holdings LLC
2829 N. San Fernando Rd.
Suite 101
Los Angeles, CA 90065-1343

Garment District Holdings, LLC
Bhajneet Singh Malik
5175 Princess Anne Rd.
LA Canada, CA 91011-2427

Gary Schoeny
239 Weaver Road #95
Warrensville, NC 28693-9350

George F. and M. Edith Pierre
c/o Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

George F. and M. Edith Pierre
c/o Jeffrey Pierre
11714 SilmarillionTrail
Austin, TX 78739-5632

George and Edith Pierre Trust
Alan G. Pierre
4416 Rosecliff Drive
Charlotte, NC 28277-8658

George and Edith Pierre Trust
Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Georgia Primary Bank
3880 Roswell Rd.
Atlanta, GA 30342-4418

Gerald Deardorff
2861 Taxville Rd.
York, PA 17408-9545

Gideon & Rhonda Lapp
2728 E 14th Street
Tulsa, OK 74104-4722

Greg Young
27 Ridge Rd
Lititz, PA 17543-8567

Hanover Insurance
c/o Rosenfeld Stein Batta, P.A.
21490 West Dixie Highway
Miami, FL 33180-1144

Hanover Insurance
c/o Rosenfeld Stein Batta, PA
21490 West Dixie Hwy.
Miami, FL 33180-1144

Haritage Bank of the South
c/o Lawton C. Heard, Jr., Esq.
PO Box 156
Cairo, GA 39828-0156

Helen Becker
485 W. 2nd Ave., Apt. #4
Lititz, PA 17543-2322

Helene Bradley
3191 Pawtucket Ave
East Providence, RI 02915-5148

Helene D. Bradley
3191 Pawtucket Ave
East Providence, RI 02915-5148

Heritage Bank of the South
c/o Lawton C. Heard, Jr., Esq.
P.O. Box 156
Cairo, GA 39828-0156

Howard Zimmerman
322 Mountain Road
Lebanon, NJ 08833-5036

IRA Innovations FBO Marlin S Hershey
15514 Fishermans Rest Court
Cornelius, NC 28031-7646

IRA Innovations FBO Paul Price
2107 5th Avenue North, Suite 401 I
Birmingham, AL 35203-3375

IRA Innovations, LLC
FBO Edward Sanderson Hoe IRA
6513 Clagett Ave
Tracys Landing, MD 20779-2539

IRA Innovations, LLC
FBO Marlin Hershey
15514 Fishermans Rest Ct.
Cornelius, NC 28031-7646

IRA Innovations, LLC
FBO: Laura Rose, IRA
13074 Cordellera Lane
Frisco, TX 75035-0158

IRA Innovations, LLC
FBO: Marcus Hoy, IRA
750 Old Hickory Blvd
Bldg. 2 Ste 150
Brentwood, TN 37027-4528

IRA Innovations, LLC
FBO: Mario Gonzalez, IRA
111 Emerald Point Lane
Mooresville, NC 28117-5823

IRA Innovations, LLC
FBO: Mario Gonzalez, IRA
131 Overhill Drive, Unit 104
Mooresville, NC 28117-8237

IRA Innovations, LLC
FBO: Paul A Price, IRA
5401 Magnolia Circle
Orange Beach, AL 36561-3969

IRA Innovations, LLC
FOB Stephen Osborne
PO Box 360750
Birmingham, AL 35236-0750

IRA Services Trust Co
FBO Peter Flanagan IRA 176308
PO Box 7080
San Carlos, CA 94070-7080

JB Kohlenberg-Tache
7341 Windyrush Road
Charlotte, NC 28226-3111

JTS Capital 2, LLC
3208 Greenleaf Dr.
Waco, TX 76710-1453

JTS Capital 2, LLC
PO Box 21505
Waco, TX 76702-1505

James Hess
640 Laurel Ln
Lancaster, PA 17601-3512

Jane Tennis
15 Tennis Ct
Lititz, PA 17543-7952

Jay Nielson
PO Box 2515
Cody, WY 82414-2515

Jeff Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Jeff Tennis
15 Tennis Ct.
Lititz, PA 17543-7952

Jeffrey Pierre
11714 Silmarillion Trail
Austin, TX 78739-5632

Jeffrey Pierre
11714 SilmarillionTrail
Austin, TX 78739-5632

Jeffrey Tennis
15 Tennis Court
Lititz, PA 17543-7952

Jennifer Risser
258 Hillcrest Ln
Elizabethtown, PA 17022-9744

Jerry D. Tamayo
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

Jim Rudnick
Patrick Schneider
50315 Norman Colony Rd.
Cornelius, NC 28031

John Anthony, Esquire
Anthony and Partners
201 N. Franklin St. Suite 2800
Tampa, Florida 33602-5816

John E. Elias
400 Altom Rd., Unit 3203
Miami Beach, FL 33139-6756

Julie B. Kohlenberg-Tache
c/o Anna S. Gorman
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, NC 28202-2623

K & G Ventures
Keith Gibson
108 Lake Park South Blvd., Unit 103
Carolina Beach, NC 28428-5162

Kae Wagner
245 Butler Avenue Suite 200
Lancaster, PA 17601-6323

Kathleen Gerten
15 Peach Basket Dr
Glen Spey, NY 12737-5406

Keith Snyder
900 Northside Court Apt 921
Lititz, PA 17543-8151

Kenneth Miller
8919 Park Rd. Apt. 5000
Charlotte, NC 28210-7613

Kenneth Rieger
14 Hillcrest Ave.
Summit, NJ 07901-2023

KeyBank Real Estate Capital
11501 Outlook St., #300
Leawood, KS 66211-1807

Kimberley  Bradley
6617 Rosecroft Place
Falls Church, VA 22043-1828

Kyle Fadeley
13551 Steelecroft Pkwy Suite 120
Charlotte, NC 28278-7564

Lamar B Lutz
33 Tara Dr
Lititz, PA 17543-7989

Laurie Dozier
1203 Miccosukee Rd.
Tallahassee, FL 32308-5077

Leo Neff
174 Valleybrook Dr
Lancaster, PA 17601-4619

Linda Price
18090 Sapphire Lane
Foley, AL 36535-5083

Linford Weaver
1852 Agape Court East
Earl, PA 17519-9576

Louise Thompson
2324 41st St., Apt. 256
Wilmington, NC 28403-5475

Louise Thompson
2406 Market St
Wilmington, NC 28403-1136

MSHR, Inc
10630 Quarrier Dr
Cornelius, NC 28031-9339

MSHR, Inc (Melanie Rockfeller)
10630 Quarrier Dr
Cornelius, NC 28031-9339

MWH Holdings - Marlin S Hershey
15514 Fishermans Rest Court
Cornelius, NC 28031-7646

MWH Holdings, LLC
7930 W. Kenton Circle Suite 250
Huntersville, NC 28078-1879

Madelyn Buckwalter
1011 Lititz Pike
Lititz, PA 17543-9325

Malik Enterprises LLC
5175 Princess Anne Rd.
La Canada, CA 91011-2427

Marc C. Romeo
1725 Camino Palmero St.
# 318
Los Angeles, CA 90046-2923

Marc Romeo
1725 Camino Palmero St. #318
Los Angeles, CA 90046-2923

Marcus  Hoy
20821 Lagoona Dr
Cornelius, NC 28031?7117

Marcus G. Hoy
20821 Lagoona Dr.
Cornelius, NC 28031-7117

Margie Bidlingmaier
3445 Stratford Rd. NE 3708
Atlanta, GA 30326-1723

Marianne Provenzola
7436 Waterview Dr
Cornelius, NC 28031-8642

Mark Hess
277 Orchard Park Dr
Advance, NC 27006-7481

Mark Neff
279 N. Zinns Mill Road, Suite F
Lebanon, PA 17042-9544

Martha Hershey
40 East Forth Ave
Lititz, PA 17543

Mary A Fowler
1845 Royal Palm Way
Boca Raton, FL 33432-7443

Michael Dickson
302 Sabra Drive
Wilmington, NC 28405-3833

Michael E. Bybee
2107 5th Avenue North, Suite 401 I
Birmingham, AL 35203-3375

Miriam Weaver
151 Fairview Dr., Apt 161
Lititz, PA 17543-8159

Miriam Weaver/Greg Weaver POA
Greg Weaver
25 Dead End Road
Lititz, PA 17543-9542

Moteng Funding,  LLC
7930 W. Kenton Cir. #250
Huntersville, NC 28078-1879

PPV, Inc.
Phillip Vineyard
45 A East Bay St
Charleston, NC 29401-2500

Pacific Premier Trst FBO Julie B. Kohelnberg
c/o Anna S. Gorman
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, NC 28202-2623

Papillon Financial Services
1922 East 7th Place
Los Angeles, CA 90021-1602

Patricia Marks
1930 Ursinus Ave.
Lancaster, PA 17603-4411

Paul Stokes
125 Roosevelt Ave
Middletown, PA 17057-2128

Pensco Trust Co FBO Carolyn Stone
IRA Acct# 20003698
601 Hillside Dr. N. Apt 3422
North Myrtle Beach, SC 29582-8929

Pensco Trust Co FBO Charles G. Hooper
Acct #70001268
210 Ragsdale Rd.
Greenville, SC 29611-7538

Pensco Trust Co FBO Eugene Risser
Acct # RI1CC
PO Box 173859
Denver, CO 80217-3859

Pensco Trust Co FBO Gary Barringer
IRA Acct #200061928
PO Box 173859
Denver, CO 80217-3859

Pensco Trust Co FBO Kyle Fadeley
Acct #20003171
13551 Steelcroft Pkwy., #120
Charlotte, NC 28278-7564

Pensco Trust Co FBO Paul C. Drago
IRA# DR1BU
36 Townes Square Lane
Greenville, SC 29609-5547

Pensco Trust Co.  FBO Debra Sturkey
IRA #080000008578
133 Barnsley Road
Columbia, SC 29212-1802

Pensco Trust Co. FBO Chad Hurst
Account #HU1FA
11 Waterfront Estates Dr
Lancaster, PA 17602-4133

Pensco Trust Co. FBO Dana Bradley
IRA #080000003524
7428 Waterview Drive
Cornelius, NC 28031-8642

Pensco Trust Co. FBO Dennis L Adams
IRA#08000000803
1720 Hwy 87 S
Cameron, NC 28326

Pensco Trust Co. FBO Gary K Barringer
IRA #20006192
6332 AlbaRose Lane
Huntersville, NC 28078-2451

Pensco Trust Co. FBO Gary Schoeny
IRA#20007043
239 Weaver Road
Warrensville, NC 28693-9350

Pensco Trust Co. FBO Joe Bost
Acct #BO1FD
795 Golden Road
Tryon, NC 28782-0049

Pensco Trust Co. FBO Julie K. Tache
IRA#080000001997
7341 Windyrush Road
Charlotte, NC 28226-3111

Pensco Trust Co. FBO Lamar B. Lutz
Acct #LU1AY
33 Tara Dr
Lititz, PA 17543-7989

Pensco Trust Co. FBO Mark Hershey
Acct #HE1BK
40 East Fourth Ave
Lititz, PA 17543-2750

Pensco Trust Co. FBO Mary Howard
IRA#20005273
260 East Minnesota Avenue
Orange City, FL 32763-2315

Pensco Trust Co. FBO Nancy Bigonette
Acct #BI1DM
344 Lalley Blvd
Fairfield, CT 06824-6710

Pensco Trust Co. FBO Scott Chatham
Acct #CH1DG
P.O. Box 173859
Denver, CO 80217-3859

Peter Seamans
1750 30th St #495
Boulder, CO 80301-1029

Peter Vandenberg
6600 SW 100th St.
Miami, FL 33156

Peter Vandenbert
6600 SW 100th St.
Miami, FL 33156

Philip Vineyard
45 A East Bay St
Charleston, SC 29401-2500

Phyllis Sturkey
601 Hillside Drive N Apt 3402
North Myrtle Beach, SC 29582-8929

Prubjeet Singh Khurana
55 Skyridge Dr
Newport Coast, CA 92657-1815

RAM Tax Lien Fund LP
P.O. Box 8401
Carol Stream, IL 60197-8401

RES-FL Vision One, LLC
c/o Jones Walker, Waechter
601 Brickell Key Dr.
Miami, FL 33131-2662

Raeford Simmons
2808 Blanche Drive
Burlington, NC 27215-5228

Randall Lowery
128 Hollybrooke Lane
Statesville, NC 28625-8572

Randy Jeryl Bates II
329 North Civitas St
Mt. Pleasant, SC 29464-2798

Regions Bank
Tallahassee Apalachee Parkway
P.O. Box 1984
Birmingham, AL 35201-1984

Richard P. Wallin
c/o Robert W. Pontz, Esquire
480 New Holland Avenue, Suite 6205
Lancaster, PA 17602-2227

Richard Rockefeller
P.O. Box 423
Westport, NY 12993-0423

Richard Wallin
2343 Fruitville Pike
Lancaster, PA 17601-3241

Robert  Palmer
9327 Devonshire Dr
Huntersville, NC 28078-5946

Robert Fish
6911 Green Turtle Dr
Charlotte, NC 28210-4064

Robert Van Epps
18637 Rollingdale Lane
Davidson, NC 28036-7866

Robin Bradley
7428 Waterview Dr
Cornelius, NC 28031-8642

Ronald Stromple
4927 Charlton Lane
Charlotte, NC 28210-3377

Roy Hess
21 E Lemon St
Lititz, PA 17543-1932

SC Advisors 7, LLC
Attn: Mike Stone
2764 Pleasant Rd., #11040
Fort Mill, SC 29708-7213

SC Advisors 7, LLC
Attn: Terpening Law PLLC
221 W. 11th St.
Charlotte, NC 28202-1715

SC Advisors 7, LLC
c/o Andrew G. Tretter, Esq.
750 Carica Rd.
Naples, FL 34108-2627

SC Advisors 7, LLC
c/o Terpening Law PLLC
221 W. 11th Street
Charlotte, NC 28202-1715

SC Advisors VII, LLC
Attn: Mike Stone
2764 Pleasant Road #11040
Fort Mill, SC 29708-7213

Sandra Simmons
2808 Blanche Drive
Burlington, NC 27215-5228

Sarah V Brush
24 Perserverance St
Mount Pleasant, SC 29464-7603

Scott  Seamans
1750 30th St. #494
Boulder, CO 80301-1029

Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Ste. 1800
Miami, FL 33131-4901

Sevier County Bank
111 E. Main St.
Sevierville, TN 37862-3513

Snow Angel Investments, LLC
c/o Claudia Burnette, Trustee
2324 41st St. #256
Wilmington, NC 28403-5475

Southern Atlantic Electric Co.
11618 Columbus Park Dr. E.
Jacksonville, FL 32258-2492

Southern Performance Group, Inc.
Mr. Scott Rockefeller
10610 Quarrier Dr
Cornelius, NC 28031-9339

Speedwell Partners
4 Green Acre Road
Attn: Ethan Gibbel
Lititz, PA 17543-8775

Spring Street Capital
Richard Stader
250 Northwest Blvd. # 107A
Coeur D'Alene, ID 83814-2971

(p)SPRINT
C O AMERICAN INFOSOURCE
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

Spur Ranch Enterprises, LLC
Substituted for Federal Trust Bank
979 Beachland Blvd.
Vero Beach, FL 32963-1688

Stacy C. Cordes
Burt & Cordes, PLLC
122 Cherokee Road, Suite 1
Charlotte, NC 28207-1962

(p)STATE BANK AND TRUST COMPANY
ATTN BANKRUPTCIES
PO BOX 4748
MACON GA 31208-4748

Sterling Flower Partnership
42910 Edwards Ferry Road
Leesburg, VA 20176-5112

Steven Bowen
135 Sunbeam Farm Rd.
Cherryville, NC 28021-9076

Steven M. Leoni
c/o Byron Wright, III, Esq.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Steven M. Leoni
c/o Robert C. Bruner, Esq.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Steven Steinsnyder
1750 Saffin Circle
Lancaster, PA 17601-4650

Sun Glass & Door Co.
7436 Waterview Dr
Cornelius, NC 28031-8642

SunTrust Bank
76 S. Laura St., 18th Floor
Jacksonville, FL 32202-3433

TJC, LLC
550 S. Dixie Highway
Coral Gables, FL 33146-2701

TJC, LLC
c/o Ausley McMullen
Attn: James M. Donohue
Post Office Box 391
Tallahassee, FL 32302-0391

TJC, LLC
c/o James M. Donohue, Esq.
Ausley McMullen
Post Office Box 391
Tallahassee, FL 32302-0391

TNE Investments, LLC
261 Treetop Dr.
Stanley, NC 28164-6850

TNE Investments, LLC
Tom Hummel
261 Treetops Drive
Stanley, NC 28164-6850

The Vault Tallahassee, LLC
3919 West Millers Bridge Rd
Tallahassee, Florida 32312-1054

Thomas Dickson
c/o The Dickson Foundation
200 South College St., # 1800
Charlotte, NC 28202-2020

Troy D. Templeton
550 S. Dixie Hwy, Ste. 300
Miami, FL 33146-2701

Trusted Benefit Advisors
4927 Charlton Lane
Charlotte, NC 28210-3377

Trustmark National Bank
248 E. Capitol St.
Jackson, MS 39201-2582

Victor Neill
579 Georgetown Dr
Concord, NC 28027-6463

Vijay Daswani
6 Saddlewood Estates Dr.
Houston, TX 77024-6841

W.F. Lindsey Trust
1320 Thomaswood Dr.
Tallahassee, FL 32308-7914

Wendy  Colthart
786 Dunloe Ave
Ottowa, On K1K 0K4
CANADA

William  Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

William Burroughs
22916 Torrence Chapel Rd
Cornelius, NC 28031-6803

William Detterer
308 Charleston Ln
Wyomissing, PA 19610-1802

William Dickson
1329 Mayfair Road
Raleigh, NC 27608-1939

William J. Oehme
242 New Haven Dr
Lititz, PA 17543-8674

Willilam Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

United States Trustee +
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Sherry Chancellor +
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502-4711

Scott A. Remington +
Clark, Partington, Hart, P.A.
P.O. Box 13010
Pensacola, FL 32591-3010

Sherry F. Chancellor +
The Law Office of Sherry F. Chancellor
619 West Chase St..
Pensacola, FL 32502-4711

James M. Donohue +
Ausley & McMullen
P.O. Box 391
123 South Calhoun Street (32301)
Tallahassee, FL 32301-1517

Jeff Sessions +
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Secretary of the Treasury +
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Internal Revenue Service +
P.O. Box 7346
Philadelphia, PA 19101-7346

Edward J. Peterson III+
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Brian G. Rich +
Berger Singerman LLP
313 N. Monoe Street
2nd Floor
Tallahassee, FL 32301-7641

John A. Anthony +
Anthony & Partners, LLC
Att'n: John A. Anthony, Esquire
100 S. Ashley Drive
Suite 1600
Tampa, Fl 33602-5318

Robert C. Bruner +
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Robert James Powell +
Moorhead Real Estate Law Group
127 Palafox Place
Suite 200
Pensacola, FL 32502-5698

Charles M. Tatelbaum +
Tripp Scott PA
110 SE 6th Street
15th floor
Fort Lauderdale, FL 33301-5004

Judson C. Brandt +
Clark, Partington, Hart
P. O. Box 13010
Pensacola, FL 32591-3010

Michael Howard Moody +
P.O. Box 4363
Tallahassee, FL 32315-4363

Byron Wright III+
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Elizabeth R Brusa +
Bradley Arant Boult Cummings LLP
100 N. Tampa Street
Suite 2200
Tampa, FL 33602-5809

Jerry D. Tamayo +
Tripp Scott, P.A.
110 SE 6th Street
Suite 1500
Ft. Lauderdale, FL 33301-5039

Andrew Grant Tretter +
Andrew Grant Tretter Esquire PLLC
750 Carica Road
Naples, FL 34108-2627

Brant Hargrove +
Law Office of Brant Hargrove, PLC
1291 Cedar Center Drive
Tallahassee, FL 32301-4877

William Terpening +
Terpening Law PLLC
221 W. 11th Street
Charlotte, NC 28202-1715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Sprint Corp
Attention Bankruptcy
PO Box 7949
Overland Park, KS 66207-0949

State Bank & Trust Co.
2380 Old Milton Pkwy.
Alpharetta, GA 30009

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Nathan Burnette

(u)Cedar Woods Office Owners Asso.

(u)JTS Capital 2, LLC
c/o Robert J. Powell, Esq.

(d)AERL, L.C.
c/o Elizabeth R. Brusa
Bradley Arant Boult Cummings LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602-5809

(d)Ameris Bank
Loan Service Center
PO Box 105075
Atlanta, GA 30348-5075

(d)Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

(d)Charles M. Tatelbaum
c/o Tripp Scott, P.A.
110 S.E. 6th Street,Suite 1500
Fort Lauderdale, FL 33301-5039

(d)Claude Davis
1613 Scotland Ave
Charlotte, NC 28207-2637

(d)Dana Bradley
7428 Waterview Dr.
Cornelius, NC 28031-8642

(d)Elizabeth Martin
2856 Charlestown Road
Lancaster, PA 17603-9703

(d)Erndit LLC
Dana Bradleyn Z& Marlin Hershey
7428 Waterview Dr.
Cornelius, NC 28031-8642

(d)Gideon and Rhonda Lapp
2728 E 14th Street
Tulsa, OK 74104-4722

(d)JB Kohlenberg?Tache
7341 Windyrush Road
Charlotte, NC 28226-3111

(d)Jerry D. Tamayo
c/o Tripp Scott, P.A.
110 S.E. 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

(d)K and G Ventures
Keith Gibson
108 Lake Park South Blvd., Unit 103
Carolina Beach, NC 28428-5162

(d)Kimberley Bradley
6617 Rosecroft Place
Falls Church, VA 22043-1828

(d)MSHR, Inc.
10630 Quarrier Dr.
Cornelius, NC 28031-9339

(d)Madelyn Buckwalter
1011 Lititz Pike
Lititz, PA 17543?9325

(d)Malik Enterprises, LLC
5175 Princess Anne Rd.
La Canada, CA 91011-2427

(d)Marcus Hoy
20821 Lagoona Dr
Cornelius, NC 28031-7117

(d)Moteng Funding, LLC
7930 W. Kenton Cir. #250
Huntersville, NC 28078-1879

(d)Pensco Trust Co. FBO Debra Sturkey
IRA #080000008578
133 Barnsley Road
Columbia, SC 29212-1802

(d)Regions Bank
Tallahassee Apalachee Parkway
PO Box 1984
Birmingham, AL 35201-1984

(d)Robert Palmer
9327 Devonshire Dr
Huntersville, NC 28078-5946

(d)Robin Bradley
7428 Waterview Drive
Cornelius, NC 28031-8642

(d)SC Advisors 7, LLC
8813 Pristine Court
Huntersville, NC 28078-5670

(u)SC Advisors 7, LLC
Attn:  Mike Stone
2764 Pleasant Rd., #11040 Fort Mill, SC

(d)Scott Seamans
1750 30th St. #494
Boulder, CO 80301-1029

(d)Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Suite 1800
Miami, FL 33131-4901

(d)Snow Angel Investments, LLC
c/o Claudia Burnette, Trustee
2324 41st St., #256
Wilmington, NC 28403-5475

(d)Troy D. Templeton
550 S. Dixie Hwy., Ste. 300
Miami, FL 33146-2701

(d)Wendy Colthart
786 Dunloe Ave
Ottowa, On K1K 0K4
CANADA

(d)William Bott
1105 Keystone Dr.
Sellersville, PA 18960-3351

(d)Sherry Chancellor +
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502-4711

End of Label Matrix
Mailable recipients    281
Bypassed recipients     34
Total                  315

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES RUDNICK                                                    CASE NO: 20-40124-KKS
                            Debtor
                                                                CHAPTER 7

_____

SC ADVISORS 7, LLC,
                    Plaintiff,

v.                                                              ADV. CASE NO: 20-04013-KKS

JAMES RUDNICK and
JAMES RUDNICK dba RUDNICK DEVELOPMENT,
INC.
                    Defendants

_____/

### MEDIATED SETTLEMENT AGREEMENT (BANKRUPTCY SETTLEMENT)

On March 9, 2021, Roy S. Kobert served as the mediator (**"Mediator"**) selected by the agreement of the Parties. In attendance were the Parties identified in the signature blocks at the end of this document. As a result of the face to face/videoconference mediation session and continued efforts after the session ended on March 9, 2021, James Rudnick (**"Debtor"**) and SC Advisors 7, LLC (**"SCA"**) (collectively the **"Parties"**) reached the following mediated result:

**WHEREAS**, this Mediated Settlement Agreement (**"Agreement"**) is being entered into for the specific purpose of reaching a resolution of the issues between the Parties in this above-styled proceeding in the Debtor's Chapter 7 bankruptcy case referenced above; the above referenced adversary proceeding (the **"Adversary"**) and SCA's Objection (Doc. No 148 filed in the Main Case) (the **"Objection"**) to the Chapter 7 Trustee's *Motion to Approve Compromise or Settlement* (Doc. 147 filed in the Main Case ) (the **"Chapter 7 Trustee Settlement"**), without

1

/29602/127#43611232 v2

having to undertake the expense, time and attendant risks inherent in litigation to adjudicate the respective claims, counterclaims and defenses raised or that could have been raised by the Parties;

**WHEREAS,** On March 23, 2020 (the **"Petition Date"**), the Debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code (the **"Bankruptcy Code"**), commencing the above-captioned main bankruptcy case, Case No. 20-bk-04013-KKS (the **"Bankruptcy Case"** or **"Main Case"**);

**WHEREAS,** SCA is a creditor of the Debtor under separate guaranty agreements that the Debtor signed in connection with loans made by SCA to various business entities for certain real estate development projects in which the Debtor was involved. On July 27, 2020, SCA filed its proof of claim in the amount of $4,775,000.00, which has been designated as Claim No. 57 on the claims register (the **"SCA Claim"**);

**WHEREAS,** SCA filed the Adversary against the Debtor through the filing of its initial Adversary Complaint. In response to the initial Adversary Complaint, the Debtor filed his *Motion to Dismiss Adversary Complaint and Objection to Entry of Discharge Pursuant to 11 U.S.C. §§ 727(a) and 727(c)* (Doc No. 10 in the Adversary). SCA filed an Amended Adversary Complaint (the **"Amended Complaint"**);

**WHEREAS,** the Debtor filed his Motion to Dismiss the Amended Complaint and on March 3, 2021, the Court entered its Order Dismissing the Amended Complaint (Doc. 27) (the **"Dismissal Order"**). The Dismissal Order gave SCA 21 days from the conclusion of mediation to file a further amended Adversary Complaint);

**WHEREAS,** the Chapter 7 Trustee filed the Motion to Approve the Chapter 7 Trustee Settlement, which, subject to Court approval, resolves all of the issues as between the Chapter 7 Trustee, the estate, and the Debtor. SCA filed its Objection to the Chapter 7 Trustee Settlement, which was the only objection filed in the Main Case to the Chapter 7 Trustee Settlement);

**WHEREAS,** the Parties agreed to participate in the above-referenced mediation to resolve any issues that were raised or could have been raised in the Adversary or any amendment that SCA would have filed);

**WHEREAS,** the mediator also mediated issues by and between SCA and James McClung Du Rant Jr. as Trustee of Capitol Capital Irrevocable Trust (the **"CC Trust"**). The result of those efforts was a settlement which is attached hereto as **Exhibit A** (the "**CC Trust Settlement**

2

**Agreement"**). The CC Trust Settlement Agreement also requires some action on the part of the Debtor.

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein; the payment of certain sums by Debtor; and other consideration identified herein which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, the Parties hereby agree as follows:

a. SCA shall receive a lump sum payment of $100,000.00. Pending approval of this Agreement and the Trustee Settlement, the $100,000 shall be deposited in escrow with counsel for the Debtor on or before March 30, 2021 and paid to SCA upon the entry of final non-appealable orders approving this Agreement and the Trustee Settlement.

b. SCA shall be entitled to a Stipulated non-dischargeable judgment in favor of SCA and against the Debtor in the amount of $300,000 (the **"Consent Judgment"**), substantially in the form of **Exhibit B** hereto, to be held in escrow with SCA's attorney. SCA agrees that it shall not seek entry of the Consent Judgment for a period of twelve months, subject to the Debtor's compliance with this Agreement and the CC Trust Settlement Agreement. Debtor agrees to participate in the preparation of and/or sign any documents, now or at any point in the future, necessary for SCA to obtain the Consent Judgment. This includes, without limitation, re-executing a new Consent Judgment and related documents if there are problems with the Consent Judgment. The Parties anticipate that the Consent Judgment, if filed, would be filed in the United States District Court for the Northern District of Florida, Tallahassee Division.

c. The Parties will jointly request that the hearing on this Agreement and any objections thereto be scheduled immediately before the hearing on SCA's objection to the Chapter 7 Trustee Settlement. SCA shall immediately withdraw the Objection to the Chapter 7 Trustee Settlement conditioned upon this Agreement being approved by the Court.

d. The Parties agree to adopt and execute mutual releases similar to the scope of the Mutual Releases as defined and described in the Chapter 7 Trustee Settlement,

3

however with a carve out for (i) contractual rights of SCA and (ii) the duties of the Parties in this Agreement and the CC Trust Settlement Agreement.

e. SCA and the Chapter 7 Trustee have or shall enter into a separate stipulation regarding the review, treatment, and allowance of the SCA Claim.

f. The Parties agree that the Debtor shall be solely responsible for any and all mediator fees due and owing above the retainer that has been paid by each side.

g. The Parties agree to obtain an *ex parte* order tolling the deadline to amend the Adversary per the Court's Order (Doc. 27), pending approval of this Agreement and the Chapter 7 Trustee Settlement.

h. The Debtor shall execute a mutually acceptable affidavit, substantially in the form of **Exhibit C** hereto, containing factual statements describing the Debtor's arm's length relationship to SCA and its representatives.

2.    Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement, unless or until this Agreement is not approved in the Main Case.

3.    All communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions. The Agreement and its terms, however, shall not be confidential.

4.    This Agreement shall be binding upon the Parties and their successors and assigns and sets forth the economic terms of the Agreement. The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by the Court.

5.    The Parties may execute this Agreement in counterparts.    Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement.

6.    Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of the other Parties any documents as are necessary to effectuate the intent of the Parties in connection with all terms and conditions of this Agreement. The Parties agree that the Court shall reserve jurisdiction to enforce the terms and conditions of the Agreement.

4

7.    This Agreement and the CC Trust Settlement Agreement contain the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement and the CC Trust Settlement Agreement.  This Agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means.  Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

8.    All matters affecting the execution, interpretation, validity, and enforceability of this Agreement shall be subject to, and interpreted under, the laws of the State of Florida.

9.    This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof.  The Parties acknowledge that each has contributed toward the drafting of this Agreement and that this Agreement is the result of negotiations between the Parties before the Mediator.

10.    The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

11.    The Parties acknowledge that each fully understands all terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

12.    The Parties enter into this Agreement freely and voluntarily.  Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering this Agreement.

13.    All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

5

14.   This Agreement shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of heirs, assigns, personal representatives, and successors of the respective Parties.

15.   Each Party to this Agreement represents that it is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

16.   For the avoidance of doubt, this Agreement is void if not approved on its own and is void if not approved in tandem with simultaneous approval of the Chapter 7 Trustee Settlement.

17.   The simultaneous approval of the Chapter 7 Trustee Settlement was a material inducement for the Parties to enter into this Agreement.

18.   Although the CC Trust Settlement Agreement (Exhibit A hereto) does not require Court approval because it does not involve the Debtor's assets, this Settlement is void if the material purposes and terms of the CC Trust Settlement Agreement are frustrated, unenforceable, or not executed for any reason.

SO AGREED, this —— day of March 2021.

_____
James Rudnick

_____
Edward J. Peterson, III, Esquire
Attorney for Plaintiff

18

6

SC ADVISORS 7, LLC

By: Jon Cunningham (Affirmatively representing
that he has  the requisite authority to bind SCA)

William Terpening, Esquire
Attorney for Plaintiff

7

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES RUDNICK                                         CASE NO: 20-40124-KKS
                    Debtor
                                                      CHAPTER 7

_____

SC ADVISORS 7, LLC,
                    Plaintiff,

v.                                                    ADV. CASE NO: 20-04013-KKS

JAMES RUDNICK and
JAMES RUDNICK dba RUDNICK DEVELOPMENT,
INC.
                    Defendants.

_____/

## MEDIATED SETTLEMENT AGREEMENT
## (CAPITOL CAPITAL IRREVOCABLE TRUST)

On March 9, 2021, Roy S. Kobert served as the mediator ("**Mediator**") selected by the agreement of the Parties. In attendance were the Parties identified in the signature blocks at the end of this document. As a result of the face to face/videoconference mediation session and continued efforts after the session ended on March 9, 2021, James Rudnick ("**Debtor**"), James McClung Du Rant Jr. as Trustee of Capitol Capital Irrevocable Trust (the "**CC Trust**") and SC Advisors 7, LLC ("**SCA**") (collectively, the "**Parties**") reached the following mediated result:

**WHEREAS**, this Mediated Settlement Agreement ("**Agreement**") is being entered into and is related to certain resolutions reached by the Debtor and SCA in the Debtor's Chapter 7 case. In the Debtor's Chapter 7 case a mediated Settlement Agreement (the "**Bankruptcy Settlement**") involving: the claims and issues between the Debtor and SCA in the above-styled Chapter 7 bankruptcy case referenced above (the "**Main Case**"), the above referenced adversary proceeding (the "**Adversary**"), and SCA's Objection (Doc. No 148 filed in the Main Case) (the "**Objection**")

1

to the Chapter 7 Trustee's *Motion to Approve Compromise or Settlement* (Doc. 147 filed in the Main Case) (the "**Chapter 7 Trustee Settlement**") was reached. The Bankruptcy Settlement Agreement is attached as **Exhibit A**.

**WHEREAS,** this Agreement, while contingent upon the Bankruptcy Court's approval of the Chapter 7 Trustee Settlement and Bankruptcy Settlement, is an independent Agreement relating to claims by SCA against the CC Trust and involves the Debtor's obligations outside of his Chapter 7 case to reasonably cooperate with SCA and the CC Trust to further this Agreement. This Agreement does not involve any assets of the Debtor's estate, subject to the Court's approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement. The Parties agree that independent Bankruptcy Court approval of this Agreement is not required but disclosure is appropriate, and that Court approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement are conditions to the effectiveness of this Agreement.

**WHEREAS,** on March 23, 2020 (the "**Petition Date**"), the Debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned main bankruptcy case, Case No. 20-bk-04013-KKS (the "**Bankruptcy Case**" or "**Main Case**");

**WHEREAS,** SCA is a creditor of the Debtor under separate guaranty agreements that the Debtor signed in connection with loans made by SCA to various business entities for certain real estate development projects which the Debtor and the CC Trust were involved. On July 27, 2020, SCA filed its proof of claim in the amount of $4,775,000.00, which has been designated as Claim No. 57 on the claims register (the "**SCA Claim**");

**WHEREAS,** SCA filed the Adversary against the Debtor through the filing of its initial Adversary Complaint. In response to the initial Adversary Complaint, the Debtor filed his *Motion to Dismiss Adversary Complaint and Objection to Entry of Discharge Pursuant to 11 U.S.C. §§ 727(a) and 727(c)* (Doc No. 10 in the Adversary). SCA filed an Amended Adversary Complaint (the "**Amended Complaint**");

**WHEREAS,** the Debtor filed his Motion to Dismiss the Amended Complaint and on March 3, 2021, the Court entered its Order Dismissing the Amended Complaint (Doc. 27) (the "**Dismissal Order**"). The Dismissal Order gave SCA twenty-one (21) days from the conclusion of the mediation to file a further amended Adversary Complaint;

2

**WHEREAS,** SCA asserts that it has independent claims against the CC Trust. The Debtor and the CC Trust dispute those claims;

**WHEREAS,** the Chapter 7 Trustee filed the Chapter 7 Trustee Settlement Motion which, subject to Court approval, resolves all of the issues as between the Chapter 7 Trustee, the Estate, and the CC Trust. The Debtor is borrowing the funds to pay the amount due under the Chapter 7 Trustee Settlement. SCA filed its Objection, which was the only objection filed in the Main Case to the Motion to Approve the Chapter 7 Trustee Settlement;

**WHEREAS,** the Parties agreed to participate in the above-referenced mediation to resolve any issues that were raised or could have been raised in the Adversary or any amendment that SCA would have filed.

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein; the payment of certain sums by Debtor; and other consideration identified herein which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, the Parties hereby agree as follows:

    a. This Agreement is contingent upon the Bankruptcy Court approving the Chapter 7 Trustee Settlement and the Bankruptcy Settlement. If either or both of those settlements are not approved, then this Agreement shall be null and void and all Parties' rights, claims and defenses shall be preserved.

    b. Upon the entry of final non-appealable orders approving the Chapter 7 Trustee Settlement, the Bankruptcy Settlement, and the payment of $100,000 to SCA pursuant to the Bankruptcy Settlement (as defined in the Bankruptcy Settlement):

        1 The real property owned by Thomasville Pine Tree, LLC (**"Pine Tree"**) shall be listed for sale by the CC Trust at a price sufficient to generate net proceeds to SCA in an amount equal to or greater than $150,000. Such sale shall close within 12 months of the date of this Agreement. If the CC Trust fails to secure a bona fide offer that closes and generates at least $150,000 in net proceeds to SCA within 12 months of the date of this Agreement, then SCA may either receive from escrow and file the Consent Judgment (as defined in the Bankruptcy Settlement), with SCA being entitled to submit same to the United States District Court for the Northern District of

3

Florida or any other appropriate court for entry, or Pine Tree shall be conveyed to SCA, all at SCA's exclusive option. SCA reserves the right of first refusal to decline a sale and elect to take Pine Tree in satisfaction of the Consent Judgment. For the avoidance of doubt, the Debtor or the CC Trust reserve the right to elect to pay $150,000 within 90 days of the date of this Agreement in lieu of a conveyance of Pine Tree and, in such case, the Consent Judgment shall be satisfied pursuant to paragraph (c) below. The CC Trust affirmatively represents that the real estate taxes are current on this property. The CC Trust further represents that it has authority to bind Pine Tree and any other entities that own the real property described in this subsection to this transaction.

2   The real property owned by Saltaire Breeze, LLC (**"SB"**) shall be conveyed to the applicable noteholders in SB as unilaterally directed by the note holders. The Debtor and the CC Trust shall reasonably cooperate to fulfill this paragraph. The SB real estate taxes are currently past due. The conveyance shall be "as-is" and the CC Trust and the Debtor make no representations or warranties as to the value of the SB real property or the manner in which the real property or its proceeds are to be allocated. The CC Trust further represents that it has authority to bind SB and the real property described in this subsection to this transaction.

c.   Upon the fulfillment of the obligations set forth in subsection (b), above, SCA shall file a Satisfaction of Judgment against the Debtor.

d.   The Parties agree to adopt and execute mutual releases similar to the scope of the Mutual Releases as defined and described in the Chapter 7 Trustee Settlement, however with a carve out for (i) contractual rights of SCA and (ii) the duties of all Parties in the Agreement.

2.   Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement, unless or until this Agreement is not approved in the proceeding.

4

3.    All communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions. The Agreement and its terms, however, shall not be confidential.

4.    This Agreement shall be binding upon the Parties and their successors and assigns and sets forth the economic terms of the Agreement. The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by the Court.

5.    The Parties may execute this Agreement in counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement.

6.    This Agreement and the Bankruptcy Settlement Agreement contain the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in the Agreement and the Bankruptcy Settlement Agreement. This Agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

7.    Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of all of the other party any documents as are necessary to effectuate the intent of the Parties in connection with all terms and conditions of this Agreement.

8.    All matters affecting the execution, interpretation, validity, and enforceability of this Agreement shall be subject to, and interpreted under, the laws of the State of Florida and the venue for any proceeding shall be in a federal or state court located in Leon County, Florida.

9.    This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof. The Parties acknowledge that each has contributed toward the drafting of this Agreement and that this Agreement is the result of negotiations between the Parties before the Mediator.

10.    The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

11.    The Parties acknowledge that each fully understands all of terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

12.    The Parties enter into this Agreement freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering this this Agreement.

13.    All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

14.    This Agreement shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of heirs, assigns, personal representatives, and successors of the respective Parties.

15.    Each Party to this Agreement represents that it is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

16.    For the avoidance of doubt, this Settlement is void if not approved on its own and is void if not approved in tandem with simultaneous approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement (Exhibit A hereto).

17.    The simultaneous approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement (Exhibit A hereto) is a material inducement for the Parties to enter into this Agreement.

6

SO AGREED, this 18 day of March, 2021.

_____

James Rudnick

_____

Edward J. Peterson, III, Esquire
Attorney for Plaintiff

SC ADVISORS 7, LLC

_____

By: Jon Cunningham (Affirmatively representing
that he has  the requisite authority to bind SCA.)

_____

William Terpening, Esquire
Attorney for Plaintiff

7

SO AGREED, this __18__ day of March, 2021.


_____
James Rudnick


_____
Edward J. Peterson, III, Esquire
Attorney for Plaintiff


SC ADVISORS 7, LLC

_____
By: Jon Cunningham (Affirmatively representing
that he has  the requisite authority to bind SCA.)


_____
William Terpening, Esquire
Attorney for Plaintiff


7

James McClung Du Rant Jr.
Trustee of Capitol Capital Irrevocable Trust

Dated: 3/19/2021

8

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SC ADVISORS 7, LLC,         )
                                    )
     Plaintiff,           )
                                    )
vs.                       )     CIVIL ACTION NO.: _____
                                    )
JAMES RUDNICK          )
                                    )
     Defendant.         )
_____/

## STIPULATION TO ENTRY OF CONSENT JUDGMENT

Plaintiff, SC ADVISORS 7, LLC ("SCA") and Defendant, JAMES RUDNICK (the "Defendant") stipulate to the entry of Consent Judgment in SCA's favor and against Defendant ("Consent Stipulation"), and state as follows:

1.      This Court has jurisdiction over the subject matter of this action and over each party hereto, and venue is proper in the Northern District of Florida.

2.      SCA and Defendant are parties to that certain Mediated Settlement Agreement (Bankruptcy Settlement), dated as of March 18, 2021 (the "Agreement"), which calls for a consent judgment against Defendant to be held by SCA and not recorded or executed upon for a period of twelve (12) months and subject to Defendant's compliance with the Agreement. Upon Rudnick's compliance with the terms of the Agreement, the consent judgment shall be null and void and of no effect.

3.      In the event of a default by Rudnick under the terms of the Agreement, SCA and Defendant agree the Consent Judgment, in the form attached hereto as **Exhibit "A"**

(the "Consent Judgment"), may be entered by this Court without further notice to any party

or other proceeding.

    4.    Defendant agrees to be bound by the provisions of the Consent Judgment

pending approval by this Court.

| RUDNICK: | SCA: |
|---|---|
| **James Rudnick** | **SC Advisors 7, LLC** |
| _____ | By:_____ |
| Date:_____ | Print Name: |
| | Its: |
| | Date: _____ |

**[Insert Filing Atty Signature Block]**

**CERTIFICATE OF SERVICE**

    I hereby certify that on _____, a true and correct copy of the foregoing was

electronically filed with the Court and furnished by email service to:

Edward J. Peterson, III
Stichter Riedel Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, FL  33602
epeterson@srbp.com
epeterson.ecf@srbp.com
*Counsel for Defendant*


                                      _____
                                      Attorney

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| SC ADVISORS 7, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| JAMES RUDNICK | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT JUDGMENT

WHEREAS, James Rudnick ("Rudnick") and SC Advisors 7, LLC ("SCA" and together with Rudnick hereinafter referred to as the "Parties") consent to entry of this Consent Judgment pursuant to the terms and conditions of that certain Mediated Settlement Agreement (Bankruptcy Settlement), dated as of March 18, 2021 (the "Agreement"), entered into by and among the Parties.

WHEREAS, SCA is a creditor of Rudnick under separate guaranty agreements (the "Guaranty Agreements") that Rudnick signed in connection with loans made by SCA to various business entities for certain real estate development projects in which Rudnick was involved.

WHEREAS, on March 23, 2020, Rudnick filed his voluntary petition under Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court in the Northern District of Florida, Tallahassee Division, assigned Case No. 20-bk-40124-KKS (the "Bankruptcy Case").

WHEREAS, SCA initiated in the Bankruptcy Case that certain adversary proceeding against Rudnick, assigned Adv. Case No. 20-04013-KKS (the "<u>Adversary</u>") and filed an objection to the Chapter 7 Trustee's *Motion to Approve Compromise or Settlement* (the "<u>Objection</u>").

WHEREAS, the Parties agreed to resolve the issues and claims between them, including those related to the Guaranty Agreements and Bankruptcy Case and the subject of the Adversary and Objection, pursuant to the terms and conditions of the Agreement.

WHEREAS, Rudnick and SCA have stipulated to the entry of this non-dischargeable Consent Judgment solely upon a default under the Agreement.

WHEREAS, SCA has agreed to not seek entry of this Consent Judgment for a period of twelve (12) months, subject to Rudnick's compliance with the Agreement.

It is therefore ORDERED, ADJUDGED, and DECREED:

1.      Judgment is hereby entered in favor of SC Advisors 7, LLC and against James Rudnick in the total amount of THREE HUNDRED THOUSAND DOLLARS AND 00/100 ($300,000.00), subject to the terms and conditions set forth in the Agreement.

2.      This Consent Judgment against Rudnick and in favor of SCA is excepted from the bankruptcy discharge pursuant to 11 U.S.C. §523(a)(2).

3.      Subject to Rudnick's compliance with the terms of the Agreement, SCA shall refrain from recordation and execution on this Consent Judgment for a period of twelve (12) months. Upon Rudnick's compliance with the terms of the Agreement, this Consent Judgment shall be null and void and of no effect.

4.      In the event of a default by Rudnick under the terms of the Agreement, SCA may immediately record this Consent Judgment in this Court with Rudnick waiving any notice prior to entry and recordation of the Consent Judgment and execute on this Consent Judgment for the amount stated herein pursuant to applicable law, plus interest from the date of recordation of this Consent Judgment, and reasonable attorneys' fees and expenses associated with such collection efforts, less any payments.

5.      This Consent Judgment may only be amended by written agreement of the Parties.

Dated this _____ day of _____, 202__.

**[SIGNATURE PAGES TO FOLLOW]**

**RUDNICK:**

**James Rudnick**

_____

STATE OF FLORIDA
COUNTY OF _____

    I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that **James Rudnick**, whose name is signed the foregoing Consent Judgment and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, executed the same voluntarily for and as the act of said company.

    Given under my hand this the _____ day of March, 2021.


_____
Notary Public
My Commission Expires: _____

**SCA:**

**SC Advisors 7, LLC**

By: _____

Print Name:

Its:

STATE OF _____

COUNTY OF _____

      I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that _____,_____, **SC Advisors 7, LLC**, whose name is signed to the foregoing Consent Judgment, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of SC Advisors 7, LLC.

      .

      Given under my hand and seal this _____ day of March, 2021.


_____

Notary Public

My Commission expires:_____

# EXHIBIT C

## AFFIDAVIT OF JAMES M. RUDNICK

I, James Rudnick, being duly sworn, depose, and say as follows:

1.      I am over eighteen years of age, am not under any legal disability, and am competent to make this Affidavit.

2.      SC Advisors, LLC ("SCA") loaned funds to my companies and me through a series of transactions.

3.      I represented to SCA and its representatives that the loans would be used for real estate development projects or, in one instance, a retail venture, and that the borrowers would make periodic interest payments and ultimately return the principal loan.

4.      I personally guaranteed the debt. In addition, the debt was sometimes secured, by the real estate or other assets of the companies benefitting from the loan.

5.      Among other names and ventures, the loans and projects were referred to as Moteng, Echelon, Panama City Courthouse, Mary A II, Gateway, and Southeast Lots.

6.      Ultimately, the borrowers defaulted on the loans and neither the borrowers nor I could repay the principal debt.

7.      During all of my negotiations and dealings with SCA and its representatives, including Jon Cunningham, our relationship was arm's length, and our negotiations were conducted at arm's length. SCA and Mr. Cunningham did not have any unique information as to the internal workings of my businesses or the borrowers and relied on information that I provided to them. I did not and do not have a social relationship, or anything other than a business relationship, with Mr. Cunningham.

_James M. Rudnick_

James M. Rudnick

Date: _3/19/2021_

State of _FLORIDA_

County of _LEON_

The foregoing instrument was acknowledged before me

this _19_ day of _MARCH_ , 2021,

by _JAMES RUDNICK_ .



_____
Notary Public

My commission expires _10/16/21_ .



2

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

JAMES RUDNICK                                                  CASE NO: 20-40124-KKS
                         Debtor

                                                              CHAPTER 7

_____

SC ADVISORS 7, LLC,
                         Plaintiff,

v.                                                            ADV. CASE NO: 20-04013-KKS

JAMES RUDNICK and
JAMES RUDNICK dba RUDNICK DEVELOPMENT,
INC.
                         Defendants.

_____/

**MEDIATED SETTLEMENT AGREEMENT**
**(CAPITOL CAPITAL IRREVOCABLE TRUST)**

On March 9, 2021, Roy S. Kobert served as the mediator ("**Mediator**") selected by the agreement of the Parties. In attendance were the Parties identified in the signature blocks at the end of this document. As a result of the face to face/videoconference mediation session and continued efforts after the session ended on March 9, 2021, James Rudnick ("**Debtor**"), James McClung Du Rant Jr. as Trustee of Capitol Capital Irrevocable Trust (the "**CC Trust**") and SC Advisors 7, LLC ("**SCA**") (collectively, the "**Parties**") reached the following mediated result:

**WHEREAS**, this Mediated Settlement Agreement ("**Agreement**") is being entered into and is related to certain resolutions reached by the Debtor and SCA in the Debtor's Chapter 7 case. In the Debtor's Chapter 7 case a mediated Settlement Agreement (the "**Bankruptcy Settlement**") involving: the claims and issues between the Debtor and SCA in the above-styled Chapter 7 bankruptcy case referenced above (the "**Main Case**"), the above referenced adversary proceeding (the "**Adversary**"), and SCA's Objection (Doc. No 148 filed in the Main Case) (the "**Objection**")

1

to the Chapter 7 Trustee's *Motion to Approve Compromise or Settlement* (Doc. 147 filed in the Main Case) (the "**Chapter 7 Trustee Settlement**") was reached. The Bankruptcy Settlement Agreement is attached as **Exhibit A**.

**WHEREAS,** this Agreement, while contingent upon the Bankruptcy Court's approval of the Chapter 7 Trustee Settlement and Bankruptcy Settlement, is an independent Agreement relating to claims by SCA against the CC Trust and involves the Debtor's obligations outside of his Chapter 7 case to reasonably cooperate with SCA and the CC Trust to further this Agreement. This Agreement does not involve any assets of the Debtor's estate, subject to the Court's approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement. The Parties agree that independent Bankruptcy Court approval of this Agreement is not required but disclosure is appropriate, and that Court approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement are conditions to the effectiveness of this Agreement.

**WHEREAS**, on March 23, 2020 (the "**Petition Date**"), the Debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned main bankruptcy case, Case No. 20-bk-04013-KKS (the "**Bankruptcy Case**" or "**Main Case**");

**WHEREAS**, SCA is a creditor of the Debtor under separate guaranty agreements that the Debtor signed in connection with loans made by SCA to various business entities for certain real estate development projects which the Debtor and the CC Trust were involved. On July 27, 2020, SCA filed its proof of claim in the amount of $4,775,000.00, which has been designated as Claim No. 57 on the claims register (the "**SCA Claim**");

**WHEREAS**, SCA filed the Adversary against the Debtor through the filing of its initial Adversary Complaint. In response to the initial Adversary Complaint, the Debtor filed his *Motion to Dismiss Adversary Complaint and Objection to Entry of Discharge Pursuant to 11 U.S.C. §§ 727(a) and 727(c)* (Doc No. 10 in the Adversary). SCA filed an Amended Adversary Complaint (the "**Amended Complaint**");

**WHEREAS**, the Debtor filed his Motion to Dismiss the Amended Complaint and on March 3, 2021, the Court entered its Order Dismissing the Amended Complaint (Doc. 27) (the "**Dismissal Order**"). The Dismissal Order gave SCA twenty-one (21) days from the conclusion of the mediation to file a further amended Adversary Complaint;

2

**WHEREAS,** SCA asserts that it has independent claims against the CC Trust. The Debtor and the CC Trust dispute those claims;

**WHEREAS,** the Chapter 7 Trustee filed the Chapter 7 Trustee Settlement Motion which, subject to Court approval, resolves all of the issues as between the Chapter 7 Trustee, the Estate, and the CC Trust. The Debtor is borrowing the funds to pay the amount due under the Chapter 7 Trustee Settlement. SCA filed its Objection, which was the only objection filed in the Main Case to the Motion to Approve the Chapter 7 Trustee Settlement;

**WHEREAS,** the Parties agreed to participate in the above-referenced mediation to resolve any issues that were raised or could have been raised in the Adversary or any amendment that SCA would have filed.

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein; the payment of certain sums by Debtor; and other consideration identified herein which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, the Parties hereby agree as follows:

a. This Agreement is contingent upon the Bankruptcy Court approving the Chapter 7 Trustee Settlement and the Bankruptcy Settlement. If either or both of those settlements are not approved, then this Agreement shall be null and void and all Parties' rights, claims and defenses shall be preserved.

b. Upon the entry of final non-appealable orders approving the Chapter 7 Trustee Settlement, the Bankruptcy Settlement, and the payment of $100,000 to SCA pursuant to the Bankruptcy Settlement (as defined in the Bankruptcy Settlement):

   1 The real property owned by Thomasville Pine Tree, LLC ("**Pine Tree**") shall be listed for sale by the CC Trust at a price sufficient to generate net proceeds to SCA in an amount equal to or greater than $150,000. Such sale shall close within 12 months of the date of this Agreement. If the CC Trust fails to secure a bona fide offer that closes and generates at least $150,000 in net proceeds to SCA within 12 months of the date of this Agreement, then SCA may either receive from escrow and file the Consent Judgment (as defined in the Bankruptcy Settlement), with SCA being entitled to submit same to the United States District Court for the Northern District of

3

Florida or any other appropriate court for entry, or Pine Tree shall be conveyed to SCA, all at SCA's exclusive option. SCA reserves the right of first refusal to decline a sale and elect to take Pine Tree in satisfaction of the Consent Judgment. For the avoidance of doubt, the Debtor or the CC Trust reserve the right to elect to pay $150,000 within 90 days of the date of this Agreement in lieu of a conveyance of Pine Tree and, in such case, the Consent Judgment shall be satisfied pursuant to paragraph (c) below. The CC Trust affirmatively represents that the real estate taxes are current on this property. The CC Trust further represents that it has authority to bind Pine Tree and any other entities that own the real property described in this subsection to this transaction.

2    The real property owned by Saltaire Breeze, LLC ("**SB**") shall be conveyed to the applicable noteholders in SB as unilaterally directed by the note holders. The Debtor and the CC Trust shall reasonably cooperate to fulfill this paragraph. The SB real estate taxes are currently past due. The conveyance shall be "as-is" and the CC Trust and the Debtor make no representations or warranties as to the value of the SB real property or the manner in which the real property or its proceeds are to be allocated. The CC Trust further represents that it has authority to bind SB and the real property described in this subsection to this transaction.

c.  Upon the fulfillment of the obligations set forth in subsection (b), above, SCA shall file a Satisfaction of Judgment against the Debtor.

d.  The Parties agree to adopt and execute mutual releases similar to the scope of the Mutual Releases as defined and described in the Chapter 7 Trustee Settlement, however with a carve out for (i) contractual rights of SCA and (ii) the duties of all Parties in the Agreement.

2.    Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement, unless or until this Agreement is not approved in the proceeding.

4

3.    All communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions. The Agreement and its terms, however, shall not be confidential.

4.    This Agreement shall be binding upon the Parties and their successors and assigns and sets forth the economic terms of the Agreement. The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by the Court.

5.    The Parties may execute this Agreement in counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement.

6.    This Agreement and the Bankruptcy Settlement Agreement contain the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in the Agreement and the Bankruptcy Settlement Agreement. This Agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

7.    Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of all of the other party any documents as are necessary to effectuate the intent of the Parties in connection with all terms and conditions of this Agreement.

8.    All matters affecting the execution, interpretation, validity, and enforceability of this Agreement shall be subject to, and interpreted under, the laws of the State of Florida and the venue for any proceeding shall be in a federal or state court located in Leon County, Florida.

9.    This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof. The Parties acknowledge that each has contributed toward the drafting of this Agreement and that this Agreement is the result of negotiations between the Parties before the Mediator.

10.     The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

11.     The Parties acknowledge that each fully understands all of terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

12.     The Parties enter into this Agreement freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering this this Agreement.

13.     All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

14.     This Agreement shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of heirs, assigns, personal representatives, and successors of the respective Parties.

15.     Each Party to this Agreement represents that it is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

16.     For the avoidance of doubt, this Settlement is void if not approved on its own and is void if not approved in tandem with simultaneous approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement (Exhibit A hereto).

17.     The simultaneous approval of the Chapter 7 Trustee Settlement and the Bankruptcy Settlement (Exhibit A hereto) is a material inducement for the Parties to enter into this Agreement.

SO AGREED, this __18__ day of March, 2021.


_____
James Rudnick


_____
Edward J. Peterson, III, Esquire
Attorney for Plaintiff


SC ADVISORS 7, LLC


_____
By: Jon Cunningham (Affirmatively representing
that he has  the requisite authority to bind SCA.)


_____
William Terpening, Esquire
Attorney for Plaintiff


7

SO AGREED, this 18 ___ day of March, 2021.


_____

James Rudnick


_____

Edward J. Peterson, III, Esquire
Attorney for Plaintiff


SC ADVISORS 7, LLC

_____

By: Jon Cunningham (Affirmatively representing
that he has  the requisite authority to bind SCA.)


_____

William Terpening, Esquire
Attorney for Plaintiff


7

James McClung Du Rant Jr.
Trustee of Capitol Capital Irrevocable Trust

Dated: 3/19/2021

8