**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In Re:

James Morris Rudnick,             Case No. 4:20-bk-040124
                                               Chapter 7

       Debtor.

_____/

**CADENCE BANK'S OBJECTION TO DEBTOR'S VERIFIED**
**MOTIONS TO AVOID THE JUDGMENT LIENS OF CADENCE BANK, N.A.**

       Pursuant to Federal Rule of Bankruptcy Procedure 4003(b) and Bankruptcy Code §522, as well as other applicable law, Cadence Bank, ("Cadence"), objects on the following grounds to the relief requested in the "Debtor's Verified Motion to Avoid Judgment Lien of Cadence Bank, N.A." (the "Alabama Judgment Lien Motion") [Doc. 190] and "Debtor's Verified Motion to Avoid Judgment Lien of State Bank and Trust Company" (the "Georgia Judgment Lien Motion") [Doc. 198], together referred to below as the "Judgment Lien Motions," filed by James Morris Rudnick (the "Debtor") on May 24, 2021:

       1.        Cadence and the Debtor were previously involved in a lending relationship involving a debt (the "Alabama Obligation"). The failure of the lending relationship prompted Cadence to initiate state court litigation (the "Alabama Action") against the Debtor in the Circuit Court of Jefferson County, Alabama, Birmingham Division (the "Alabama Court"), styled <u>Cadence Bank, N.A. v. James M. Rudnick</u>, Case No. cv-2012-902329. Cadence obtained a final judgment against the Debtor in the Alabama Action on September 27, 2012, in the amount of $6,032,356.71 (the "Alabama Judgment"), in favor of Cadence and against the Debtor, at the statutory rate of interest. Cadence has perfected the judgment lien with respect to the Alabama Judgment as required to sustain the objections set forth below. On May 19, 2020, Cadence filed its Proof of Claim in the amount of $2,965,789.01, the current balance of the Alabama Obligation as of the petition date in this case. The Alabama Obligation is the subject of the Alabama Judgment Lien Motion.

2. Cadence's predecessor, State Bank and Trust Company, and the Debtor were previously involved in a lending relationship involving a debt (the "Georgia Obligation"). The failure of the lending relationship prompted Cadence to initiate state court litigation (the "Georgia Action") against the Debtor in the State Court of Fulton County, Georgia (the "Georgia Court"), styled <u>State Bank and Trust Company v. Greyston Vinings of Tallahassee, LLC and James M. Rudnick</u>, Case No. 10EV0111178-F. Cadence obtained a final judgment against the Debtor in the Georgia Action on January 17, 2012, in the amount of $1,773,706.38 (the "Georgia Judgment"), in favor of Cadence and against the Debtor, at the statutory rate of interest. Cadence has perfected the judgment lien with respect to the Georgia Judgment as required to sustain the objections set forth below. On May 20, 2020, Cadence filed its Proof of Claim in the amount of $2,680,092.42, the current balance of the Georgia Obligation as of the petition date in this case. The Georgia Obligation is the subject of the Georgia Judgment Lien Motion.

3. Cadence, in its own right and as successor in interest to State Bank and Trust Company, possesses perfected foreign judgment liens (the "Judgment Liens") encumbering all real property assets of the Debtor in Leon County, Florida, from the recordation date, to secure the balance of the Alabama Obligation and Georgia Obligation (together, the "Obligations").

4. The Debtor is the record owner of real property located at 3836 E. Millers Bridge Road, Tallahassee, Florida 32312 (the "Claimed Homestead Property") in Leon County.

5. The Judgment Liens encumber the Claimed Homestead Property to the extent that they are no subject to avoidance under Bankruptcy Code §522 and relevant Florida law.

7. On March 23, 2020, the Debtor initiated this chapter 7 bankruptcy case (this "Bankruptcy Case") by filing his petition for relief (the "Petition") [Doc. 1] under chapter 7 of the Bankruptcy Code.

8. On April 20, 2020, the Debtor filed his Schedules (the "Schedules") [Doc. 28].

9. The Claimed Homestead Property includes land and improvements of 0.716 acre, and thus exceeds the homestead exemption by 0.216 acre pursuant to Florida Constitution Article X § 4(a)(1) see In re Englander, 95 F.3d 1028, 1032 (11th Cir. 1996), cert. denied, 520 U.S. 1186 (1997).

10. The Claimed Homestead Property is partially subject to Cadence's liens in the aggregate minimum amount of $5,645,881.43. Confirmation of the same is attached as Exhibit "A," and judicial notice is requested pursuant to Federal Rule of Evidence 201 in anticipation of any hearing on the merits of the Judgment Lien Motions.

11. Cadence is uncertain as to whether the Claimed Homestead Parcel is susceptible to division/partition or other legally appropriate division under Florida law, but seeks an equitable recovery on account of its judgment liens. See In re Kuver, 70 BR, 190,193 (Bankr. Fla. 1986); Menard v. Univ. Radiation Oncology Associates, LLP, 976 So.2d 69, 75 (Fl. 4th DCA 2008). If necessary, a pro rata calculation as to the value of the non-exempt portion may be calculated by this Court. See In re Quraeshi, 289 BR 240, 244 (S.D. Fla. 2002).

12. Florida law provides a methodology for enabling a Florida citizen such as the Debtor to take advantage of the homestead exemption to the extent permitted without prejudicing the legitimate rights of judgment creditors, and this contested matter provides a proper forum for adjudication of these rights. In re Kellogg, 197 F.3d 1116, 1120 (11th Cir. 1999).

13. Upon information and belief, certain other liens may attach to the Claimed Homestead Property, and it is appropriate to determine which valid judgment liens exist, the amounts of each such lien, the enforceability or avoidability of the same and relevant priorities.

14. Cadence reserves the right to supplement or amend this objection based upon formal and informal discovery in this case and matter.

WHEREFORE, Cadence respectfully requests that, to the extent appropriate under the applicable law, this Court enter an order that will:

a. sustain these objections;

b. disallow the relief requested in the Judgment Lien Motions; and

c. provide for such other and further relief as is appropriate under the circumstances.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-5616
Telecopier: (813) 221-4113

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means and/or U.S. first class mail on the following persons or entities at the addresses listed below on this 28th day of May, 2021:

Edward J. Peterson, III
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602

James Morris Rudnick
P.O. Box 13633
Tallahassee, FL 32317

U.S. Trustee
United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301

/s/ John A. Anthony
**ATTORNEY**

# EXHIBIT "A"

Parcel: 110528 A0270  
Owner: RUDNICK JAMES M  

Property Use: 0100 - SINGLE FAMILY  
3836 E MILLERS BRIDGE RD  

### Leon County Property Appraiser

The Tax Roll is compiled by the Legal Descriptions as recorded in the Public Records of Leon County. Location addresses are not used in the preparation of the Tax Roll. <u>They should not be used for title searches or preparation of legal documents.</u>

### Parcel Information

**Parcel ID:** 110528 A0270  
**Owner(s):** RUDNICK JAMES M  
RUDNICK MARY F  

**Mailing Addr:** 3836 MILLERS BRIDGE CIR  
TALLAHASSEE FL 32312  

**Google Map**  
**Location:** 3836 E MILLERS BRIDGE RD  
Location (Street) Addresses are provided by City Growth Management 850-891-7001 (option 4), and County DSEM 850-606-1300.  

**Tax District:** 1 - CITY  
**Legal Desc:** BOBBIN TRACE  
5 & 6 1N 1E  
LOT 27 BLOCK A .716 AC  
OR 2084/1970 2179/1726  

**Parent Parcel:** 1105200040000  
**Acreage:** 0.716  
**Subdivision:** BOBBIN TRACE  
**Property Use:** 0100 - SINGLE FAMILY RESIDENTIAL  
**Bldg Count:** 1  

### Sales Information

| Sale Date | Sale Price | Book/Page | Instrument Type | Improved / Vacant |
|---|---|---|---|---|
| 06/23/2005 | $685,000 | 3313/1599 | Warranty Deed | Improved |
| 10/01/1998 | $455,000 | 2179/1726 | Warranty Deed | Improved |
| 01/01/1998 | $85,000 | 2084/1970 | Warranty Deed | Vacant |

### Certified Value Detail

| Tax Year | Land Value | Improvement Value | Total Market Value | SOH Differential | Classified Use | Homestead |
|---|---|---|---|---|---|---|
| 2020 | $150,000 | $429,082 | $579,082 | $52,885 | $0 | 2020 - Yes |