UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES MORRIS RUDNICK         CASE NO.: 20-40124-KKS
                             CHAPTER: 7

____Debtor._____/

## ORDER DENYING *MOTION TO VACATE ORDER GRANTING MOTION TO CONTINUE (DOC. 293)* (ECF NO. 294)

THIS CASE is before the Court on the Chapter 7 Trustee's *Motion to Vacate Order Granting Motion to Continue (Doc. 293)* ("Motion to Vacate," ECF No. 294) and *Bryant Boys, LLC's Response in Opposition to Motion to Vacate Order Granting Motion to Continue* (ECF No. 296).

On September 29, 2021, the Chapter 7 Trustee ("Trustee") filed a motion styled as a motion to approve compromise or settlement with Creditor, TJC, LLC ("Compromise Motion").[1] One creditor filed an objection to the Compromise Motion.[2] During the November 18, 2021, preliminary, non-evidentiary hearing on the Compromise Motion, the Court heard argument of counsel for the Trustee; counsel for TJC, LLC ("TJC")

---

[1] *Trustee's Motion to Approve Compromise or Settlement with TJC, LLC*, ECF No. 277.
[2] *Objection of AM32304WG, LLC to the Trustee's Motion to Approve Compromise and Settlement with TJC, LLC*, ECF No. 279.

KKS with assistance from SK

and several other creditors and interested parties appeared.[3]

Despite its title and introductory paragraph, the Compromise Motion requests far more than approval of a compromise and settlement. By the Compromise Motion, the Trustee requests two specific forms of relief: 1) approval of a vaguely described compromise with TJC, the creditor claiming a mortgage on certain assets owned by Mary A II, LLC ("Mary A"), a limited liability company;[4] and 2) authority to sell, free and clear of liens, interests, and encumbrances, the estate's and other non-debtor parties' membership interests in Mary A.[5] Indirectly, the Compromise Motion also requests the Court to determine that at least one party, Bryant Boys, LLC, does not have any membership interest in Mary A.

At the November 18 hearing, the Court noted issues with the Compromise Motion, including possible lack of sufficient notice to interested parties. Additional issues presented by the Compromise Motion include: it is unsupported by affidavits or other attestations of fact; it contains no

---

[3] ECF No. 282.
[4] Compromise Motion, ECF No. 277, p. 2. The Trustee provides only the following bare-bones information about the alleged dispute with TJC: "A dispute has arisen regarding the Debtor's alleged prepetition mismanagement of [Mary A] triggering certain rights under applicable law, including seeking the appointment of a receiver and/or dissolution of [Mary A]. The Trustee has also *raised the issue* regarding the validity and enforceability of the TJC Loan." *Id.* at p. 7 (emphasis added).
[5] The Trustee alleges that "Debtor scheduled direct ownership of a 60.42% interest and indirect ownership of a 5.04% interest" in Mary A. *Id.* at p. 2.

2

explanation of what facts support the Trustee's "sound business judgment that it is in the estate's best interest to resolve" disputes with TJC or what the perceived "expense, inconvenience, delay and uncertainty" of litigating with TJC may be;[6] it gives no specifics as to how much the maintenance of the assets (mitigation bank) may cost the estate or on what timeline; and perhaps most significantly it appears to request the Court to determine the ownership interests of non-debtor third parties in Mary A based solely on documents purporting to be excerpts from 2019 income tax returns and other documents allegedly governing Mary A membership interests.[7]

At the conclusion of the November 18 hearing, at the request of the Trustee the Court scheduled the Compromise Motion for an expedited final evidentiary hearing on November 30, 2021.[8]

On November 23, 2021, Bryant Boys, LLC timely filed an expedited motion to continue the final evidentiary hearing,[9] which the Court

---

[6] *See* ECF No. 277, p. 8.
[7] Only after Bryant Boys, LLC requested a continuance of the final evidentiary hearing has the Trustee filed evidence purporting to contain facts in support of her Compromise Motion. *Parties' Joint Statement of Undisputed Facts*, ECF No. 289; *Trustee's List of Witnesses and Exhibits*, ECF No. 292. Nothing the Trustee has filed thus far in support of her Compromise Motion provides any more information than was presented in the Compromise Motion itself.
[8] *Amended Notice of Final Hearing*, ECF No. 285
[9] *Expedited Motion to Continue Evidentiary Hearing Scheduled for November 30, 2021*, ECF No. 287.

3

granted.[10] It is the Court's order granting Bryant Boys, LLC's continuance motion that the Trustee seeks to have undone.

Considering all applicable factors and allegations, the Trustee's Motion to Vacate is due to be denied. The Trustee alleges that she was not aware of "the filing of" the continuance motion until the morning after it was filed. But in the continuance motion, counsel for Bryant Boys, LLC represented, as required by this Court's Local Rules, that they had discussed the continuance with the Trustee's counsel before filing the continuance motion. The Court considered this representation when granting the continuance motion. In the Motion to Vacate the Trustee does not deny that this conversation took place.

The Compromise Motion was filed on negative notice and was not styled as an expedited or emergency motion. Nothing in the Motion to Vacate or other documents the Trustee has filed since the preliminary hearing contains evidence, or even specific allegations of fact, that show why the Compromise Motion is now, in the Trustee's view, so urgent.[11]

---

[10] *Order Granting, in Part, Expedited Motion to Continue Evidentiary Hearing Scheduled for November 30, 2021 (ECF No. 287)*, ECF No. 293.

[11] The Trustee filed a similar motion on May 7, 2021, which she withdrew on July 6, 2021. *Trustee's Motion to Approve Compromise or Settlement with TJC, LLC*, ECF No. 178; *Trustee's Notice of Withdrawal of Motion to Approve Compromise or Settlement with TJC, LLC and Request for Cancellation of Hearing*, ECF No. 247.

As a rule, the Court attempts to defer to a trustee's business judgment, especially when considering § 363 sales. But here, it appears highly unlikely that an evidentiary hearing on the Compromise Motion, if held yesterday as originally scheduled, could have resulted in the Court granting the relief the Trustee is requesting in that motion. The Trustee and other parties will have ample opportunity to argue their respective positions as to rescheduling an expedited evidentiary hearing on the Compromise Motion at the status hearing currently scheduled on December 9, 2021.

For the reasons stated, it is

ORDERED: The *Motion to Vacate Order Granting Motion to Continue* (ECF No. 294) is DENIED.

DONE and ORDERED on December 1, 2021.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Counsel for the Trustee is directed to serve a copy of this Order on interested parties and file proof of such service within three (3) days of entry of this Order.